A. J. RIVENBARK v. SOUTHMARK CORPORATION AND DREXEL BURNHAM LAMBERT REALTY COMPANY, INC.

No. 8818SC607

(Filed 18 April 1989)

1. **Judgments § 5.1; Rules of Civil Procedure § 60.2— payment into court—erroneous interlocutory order**

   An interlocutory order of the court requiring plaintiff to pay into court $46,704.88 in rents collected for property sold to one defendant was erroneous and must be reversed. The order was not properly entered under N.C.G.S. § 1A-1, Rule 60(a) as a clarification of a previous order because it involved matters of a "serious or substantial nature." Nor was it proper under N.C.G.S. § 1-508 where plaintiff made no admission that the money belonged to another but contended that he had the right under the contract of sale to continue to act as landlord and collect rents.

2. **Contempt of Court § 3— failure to comply with erroneous order**

   Because an erroneous order is valid until corrected, plaintiff could be held in contempt for failure to comply with an erroneous order requiring him to pay collected rents into court.

3. **Rules of Civil Procedure § 41.2— failure to comply with court order—dismissal of complaint—necessity for considering lesser sanctions**

   Before the trial court may dismiss a plaintiff's complaint under Rule 41(b) for failure to comply with a court order, it must first consider other less severe sanctions. The circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience, and the court should make findings and conclusions as to whether less drastic sanctions would be effective in ensuring compliance with the court's order or would best serve the interests of justice.

APPEAL by plaintiff from *Hobgood (Hamilton H.), Judge, Wood, Judge,* and *Seay, Judge.* Orders entered 5 March 1984, 12 June 1984, 10 March 1986, and 28 December 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 11 January 1989.

Plaintiff A. J. Rivenbark (plaintiff) sued defendants Southmark Corporation (Southmark) and Drexel Burnham Lambert Realty Com-

## RIVENBARK v. SOUTHMARK CORP.

[93 N.C. App. 414 (1989)]

pany, Inc. (Drexel) for breach of contract. Plaintiff sold Southmark certain commercial property in Guilford County known as Wendover Business Park, Phase II. Southmark then sold the property to Drexel subject to a master lease agreement.

Pursuant to paragraph X of the parties' Agreement of Purchase and Sale, upon Southmark's purchase of the property Southmark immediately leased the entire property back to plaintiff. During the term that the master lease was in effect plaintiff was allowed to sublet part of the property to other tenants. According to the Agreement of Purchase and Sale the purchase price consisted of two components: a minimum purchase price of $2.5 million dollars and the final purchase price. Southmark paid the minimum purchase price at closing. The final purchase price was to be calculated using a complex formula dependent upon the rents generated during the term plaintiff leased the property. The master lease required that plaintiff receive Southmark's prior written approval in order to sublet to any prospective subtenant. The lease further provided that "Southmark shall not unreasonably withhold or delay" approval. By its terms the master lease was to terminate on 23 February 1984.

On 20 February 1984 plaintiff filed a complaint against defendants for breach of contract seeking damages in the amount of $709,305.75. Plaintiff's complaint also sought a preliminary injunction allowing him to stay in possession of Wendover Business Park with the right to collect rents from subtenants until the action was concluded. Plaintiff alleged that defendants had breached the contract by failing to give their approval to five subleases when properly submitted. Defendants answered denying plaintiff's allegations and counterclaimed that plaintiff had breached the contract by failing to assign all subleases upon termination of the master lease.

On 5 March 1984 Judge Hobgood conducted a hearing on plaintiff's request for a preliminary injunction. Judge Hobgood denied plaintiff's motion concluding

that injunctive relief is not necessary to protect any right of the plaintiff pending a trial on the merits; and that the interest [sic] of justice will best be served pending trial by allowing the defendants possession of the property with the right to collect rents from the tenants, provided that the defendant Southmark place a letter of credit with the Court as hereinafter set forth.

RIVENBARK v. SOUTHMARK CORP.

[93 N.C. App. 414 (1989)]

Judge Hobgood signed the order on 8 March 1984 and gave defendant Southmark thirty days to post the letter of credit. He then ordered "[t]hat, upon placing the letter of credit with the Court pursuant to the terms of this Order, the defendant Southmark shall be entitled to possession of the Wendover Business Park, Phase II property and may collect as landlord any rents due from the Wendover Business Park, Phase II tenants." No party appealed from this order. Defendant Southmark posted a letter of credit on 6 April 1984. Upon the posting of the letter of credit plaintiff has forwarded all rental payments received thereafter to defendant Southmark.

On 31 May 1984 defendants moved that plaintiff be held in contempt for violating the court's 5 March 1984 order. Defendants alleged that prior to their retaking possession of Wendover Business Park on or about 6 April 1984 plaintiff had collected rents from the tenants for the months of February, March, and April. They requested that the trial court order plaintiff to pay the rents collected to them. Plaintiff responded that he had not violated the court's order because the order allowed him to remain in possession and collect rents until defendants posted a letter of credit.

On 12 June 1984 Judge Hobgood heard defendants' motion and ruled that entitlement to the February rent was a matter for trial. In his order he further ruled "that it was the intent of this Court at the time of the hearing on March 5, 1984, . . . that the defendants would be entitled to possession of the subject property and to collect all rents beginning with the month of March, 1984." He then ordered plaintiff to file an accounting for the March and April rents and to pay those rents to Southmark. Plaintiff's accounting stated that the two months rent totaled $46,704.88. In appealing the court's order to the Court of Appeals, plaintiff did not file a bond to stay the trial court's order and did not petition for a writ of supersedeas.

In an opinion filed 1 October 1985 our court ruled that plaintiff's appeal was interlocutory and, accordingly, dismissed the appeal. *Rivenbark v. Southmark Corp.*, 77 N.C. App. 225, 334 S.E. 2d 451 (1985). Plaintiff petitioned the Supreme Court for discretionary review which the Court denied on 7 January 1986. *Rivenbark v. Southmark Corp.*, 315 N.C. 391, 338 S.E. 2d 880 (1986).

On 17 February 1986 defendants filed a motion to dismiss plaintiff's complaint because plaintiff had not complied with the

RIVENBARK v. SOUTHMARK CORP.

[93 N.C. App. 414 (1989)]

12 June 1984 order directing him to pay Southmark the March and April rents. In addition, defendants also moved that the trial court hold plaintiff in contempt for refusing to pay the rents as ordered. On 17 February 1986 Judge Wood entered a show cause order requiring plaintiff to explain his failure to pay.

After a hearing on both motions on 24 February 1986 and 10 March 1986, Judge Seay entered his order which was filed on 24 March 1986. The order granted defendants' motion to dismiss with prejudice, required plaintiff to pay to the clerk of court $46,704.88, and found plaintiff to be in willful contempt of court and fined plaintiff $100 per day until he paid the monies ordered to the clerk. The court never assessed any fine against plaintiff. Plaintiff paid the clerk of court $46,704.88 on 17 March 1986. The following day, pursuant to North Carolina Rules of Civil Procedure 59(e) and 60(b), plaintiff moved to alter or amend Judge Seay's order. On 28 December 1987 Judge Seay denied plaintiff's motions. Plaintiff appeals.

*Tharrington, Smith & Hargrove, by Wade M. Smith, Mark J. Prak, and Randall M. Roden; Kornegay, Lung & Angle, by James W. Lung, for plaintiff-appellant.*

*Petree Stockton & Robinson, by Norwood Robinson, Robert J. Lawing, and Jane C. Jackson, for defendant-appellees.*

EAGLES, Judge.

Plaintiff argues on appeal that the trial court erred in dismissing with prejudice his breach of contract suit against defendants and in holding him in contempt for failing to comply with an interlocutory order. Plaintiff also contends that the evidence did not support the trial court's determination that plaintiff had the ability to pay the monies ordered. We hold that Judge Hobgood's 12 June 1984 order commanding plaintiff to pay a contested sum of money to the clerk of court was erroneous and must be reversed. We affirm the order finding plaintiff in contempt of court but hold that under Rule 41(b) of the North Carolina Rules of Civil Procedure the trial court erred in failing to consider whether a sanction less drastic than dismissal with prejudice would have assured plaintiff's compliance with Judge Hobgood's 12 June 1984 order.

We first address plaintiff's argument that the trial court violated his due process rights when he ordered his complaint dismissed

as punishment for contempt. We note that no constitutional issue was raised below. We may not consider constitutional questions for the first time on appeal. *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984).

A

[1] We next address the validity of Judge Hobgood's order compelling plaintiff to pay into court the collected March and April rents. Plaintiff argues that Judge Hobgood was without statutory authority in making his 12 June 1984 order and, therefore, the order is void. Defendants contend that the Supreme Court's decision in *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 360 S.E. 2d 772 (1987), states that only an order issued by a court without jurisdiction is void. Defendants also argue that, in any event, the 12 June 1984 order is valid under the court's inherent authority to clarify its own orders. We hold that the trial court erroneously entered its 12 June 1984 order and, accordingly, we reverse.

Defendants argue that *Daniels* limits void orders to those issued by a court without jurisdiction. We hold that *Daniels* is not controlling on this issue. *Daniels* addressed whether a plaintiff could collaterally attack an order without having properly preserved an appeal. The Court there stated that under those circumstances a plaintiff could collaterally attack the trial court's order only if the order was void. *Daniels* at 676, 360 S.E. 2d at 776-77. Here plaintiff attempted to appeal Judge Hobgood's order immediately, but this court dismissed the appeal as interlocutory. *Rivenbark v. Southmark Corp.*, 77 N.C. App. 225, 334 S.E. 2d 451 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E. 2d 880 (1986). Upon this appeal plaintiff does not attempt to collaterally attack Judge Hobgood's order, but rather he has properly preserved his exception for direct review on appeal.

Since the judgment here "is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court," *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950), the grant of dismissal with prejudice was a final judgment. Therefore, we may now address the validity of Judge Hobgood's 12 June 1984 interlocutory order. G.S. 1-278.

Defendants argue that the 12 June 1984 order was properly entered pursuant to Rule 60(a) of the North Carolina Rules of Civil

Procedure, in that it was a clarification of Judge Hobgood's 5 March 1984 order. We disagree. Rule 60(a) does allow the trial court by motion of a party or on its own initiative to correct clerical errors, G.S. 1A-1, Rule 60(a), "but errors of a serious or substantial nature are not intended to be covered." W. Shuford, North Carolina Civil Practice and Procedure, section 60-3 (3d ed. 1988). The issuance of an interlocutory order compelling a party to immediately pay into court almost $50,000 in rents collected is an order of a "serious or substantial nature," particularly when plaintiff's pleadings raise the issue of whether he is entitled to continue collecting rents until the final purchase price is agreed upon and paid.

We further note that G.S. 1-508 provides that

When it is admitted by the pleading or examination of a party that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of the litigation, *is held by him as trustee for another party, or which belongs or is due to another party*, the judge may order it deposited in court, or delivered to such party with or without security, subject to the further direction of the judge. [Emphasis added.]

There is no admission here that plaintiff holds the money as trustee for another party or that the money belongs to another party. In fact, plaintiff contends that these funds belong to him. He argues that under the master lease Southmark's failure to pay the final purchase price when due started an additional lease period during which he could continue to act as landlord and collect rents. Furthermore, plaintiff argues that under the 5 March 1984 order he was not required to terminate his possession of the property until defendant "plac[ed] the letter of credit with the Court." The letter of credit was not filed by defendant until 6 April 1984.

Accordingly, we conclude that Judge Hobgood's order was an erroneous order "rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law." *Wynne v. Conrad*, 220 N.C. 355, 360, 17 S.E. 2d 514, 518 (1941). We reverse Judge Hobgood's 12 June 1984 order.

[2] Having determined that the 12 June 1984 order was erroneous rather than void, we next address the trial court's order finding plaintiff in contempt. An erroneous order is valid until corrected on appeal while a void order binds no one. *State v. Sams*, 317

RIVENBARK v. SOUTHMARK CORP.

[93 N.C. App. 414 (1989)]

N.C. 230, 345 S.E. 2d 179 (1986). Because an erroneous order is valid until corrected, plaintiff must comply with the order. *See Daniels* at 677, 360 S.E. 2d at 777. Plaintiff did not pay into court the sums ordered nor did he request a stay or writ of supersedeas. In addition, the evidence presented at the show cause hearing demonstrates plaintiff's financial ability to pay the persons ordered. Accordingly, we affirm the trial court's finding of contempt.

B

**[3]** Plaintiff next argues that before the trial court may dismiss his complaint it must first consider other, less drastic alternatives. We agree. We first note that Rule 41(b) of our Rules of Civil Procedure states, in part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules *or any order of court*, a defendant may move for dismissal of an action or of any claim therein against him." [Emphasis added.] G.S. 1A-1, Rule 41(b). However, our Supreme Court has ruled that the trial court may invoke less severe sanctions against a party who violates a court order. *Daniels* at 674, 360 S.E. 2d at 776.

In *Harris v. Maready*, 311 N.C. 536, 319 S.E. 2d 912 (1984), the Supreme Court reversed this court's decision holding that the trial court must grant a motion to dismiss for violation of Rule 8(a)(2) of the Rules of Civil Procedure. The Supreme Court determined that a party's motion for dismissal because the opposing party has violated a rule or court order is directed to the trial court's discretion. *Id.* at 550, 319 S.E. 2d at 921. Additionally, the court noted that "[a]lthough an action may be dismissed under Rule 41(b) for a plaintiff's failure to comply with Rule 8(a)(2), this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice." *Id.* at 551, 319 S.E. 2d at 922.

Our court in *Miller v. Ferree*, 84 N.C. App. 135, 351 S.E. 2d 845 (1987), affirmed a trial court's ruling of dismissal without prejudice for a violation of Rule 8(a)(2). There we noted that the trial court found "sanctions less than a dismissal without prejudice are inappropriate in this action." *Id.* at 137, 351 S.E. 2d at 847. We indicated that this finding showed that the trial court had "considered the various sanctions available" and considered dismissal without prejudice the proper sanction. *Id.* We hold that sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly

RIVENBARK v. SOUTHMARK CORP.

[93 N.C. App. 414 (1989)]

takes into account the severity of the party's disobedience. *See also Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 344 S.E. 2d 847 (1986), *reversed in part and affirmed in part*, 320 N.C. 669, 360 S.E. 2d 772 (1987) (in determining whether to dismiss a case for violation of motion in limine trial court must determine the effectiveness of alternative sanctions).

Defendants argue that our Supreme Court's decision in *Daniels* allows the trial court to order whatever sanction, in its discretion, it deems appropriate without first considering alternative sanctions. We disagree. The Supreme Court pointed out that the dismissal in *Daniels* arose "from plaintiff's previous refusal to comply with a lesser sanction, taxing him with costs." *Daniels* at 681, 360 S.E. 2d at 780. It was plaintiff's noncompliance with this lesser sanction which allowed the trial court to then dismiss the case. *Id.*

Here the trial court made no findings of fact or conclusions of law which address whether less drastic sanctions would be effective in ensuring compliance with the court's order or would best serve the interests of justice. Accordingly, we vacate and remand that portion of the court's 10 March 1986 order dismissing plaintiff's complaint.

For the foregoing reasons, we vacate and remand that portion of the trial court's 10 March 1986 order dismissing plaintiff's complaint for additional findings of fact. The 12 June 1984 order compelling plaintiff to pay the collected rents into court is reversed and we affirm that portion of the 10 March 1986 order finding plaintiff in contempt.

Affirmed in part; reversed in part; vacated and remanded in part.

Judges PARKER and LEWIS concur.