N. E. FOY AND RUTH CAROLYN FOY v. ROBERT N. HUNTER, JR., ADMINISTRATOR OF THE ESTATE OF FORREST WILLIAM WHISNANT

No. 9118SC649

(Filed 7 July 1992)

1. **Rules of Civil Procedure § 41.2 (NCI3d)— dismissal for failure to prosecute—findings unsupported by evidence**

    The trial court erred in dismissing plaintiffs' action with prejudice under Rule 41(b) based on plaintiffs' failure to prosecute their action where the evidence did not support the trial court's findings that plaintiffs had failed to assist or cooperate with their attorneys and that they had not been diligent in prosecuting their action. N.C.G.S. § 1A-1, Rule 41(b).

    **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 50.**

    **Dismissal of civil action for want of prosecution as res judicata. 54 ALR2d 473.**

    **Judicial qualification of provision of FRCP 41(b) that dismissal for want of prosecution operates as adjudication upon the merits. 5 ALR Fed 897.**

2. **Rules of Civil Procedure § 8.1 (NCI3d)— negligence action— improper pleading of damages sought—dismissal with prejudice—failure to consider other sanctions**

    Although plaintiffs violated Rule 8(a)(2) by specifically demanding $176,000 in damages in a negligence action and dismissal was within the discretion of the trial court, the court erred in dismissing the action with prejudice without making

findings and conclusions indicating that it had first considered less drastic sanctions and determined that they would not suffice.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 41 et seq.**

APPEAL by plaintiffs from order entered 7 February 1991 in GUILFORD County Superior Court by *Judge W. Douglas Albright.* Heard in the Court of Appeals 15 April 1992.

*James W. Workman, Jr., and E. Raymond Alexander, Jr., for plaintiff-appellants.*

*Henson Henson Bayliss & Sue, by Perry C. Henson and A. Robinson Hassell, for defendant-appellee.*

GREENE, Judge.

The plaintiffs appeal from an order entered 7 February 1991 in which the trial court granted the defendant's motion for involuntary dismissal under N.C.G.S. § 1A-1, Rule 41(b) (Rule 41(b)).

On 4 October 1984, the plaintiffs were injured in an automobile accident in Greensboro, North Carolina, due to the alleged negligence of Forrest Whisnant (Whisnant). On 30 September 1987, the plaintiffs filed an unverified complaint against Whisnant in the District Court Division of Cabarrus County, North Carolina. At the time of the accident and the filing of the complaint, the plaintiffs resided in Cabarrus County, and Whisnant resided in Guilford County, North Carolina. In the complaint, N.E. Foy sought damages in the amount of $88,000 for personal injuries and property damage, and Ruth Foy sought damages in the amount of $88,000 for personal injuries.

Whisnant filed an answer on 9 November 1987 in which he denied negligence on his part and made various motions. Whisnant moved for involuntary dismissal of the plaintiffs' complaint under Rule 41(b) on the grounds that the plaintiffs had violated N.C.G.S. § 1A-1, Rule 8(a)(2) (Rule 8(a)(2)) by specifically demanding $176,000 in damages in a negligence action. Rule 8(a)(2) provides that "[i]n all negligence actions . . . wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000)." Furthermore, because

the plaintiffs brought their action in the district court, Whisnant moved to dismiss the complaint with prejudice, and in the alternative, to transfer the action to Cabarrus County Superior Court. *See* N.C.G.S. § 1A-1, Rule 12(b)(3) (motion to dismiss for improper division); N.C.G.S. § 7A-240 (as a general rule, superior and district courts possess concurrent jurisdiction "of all justiciable matters of a civil nature"); N.C.G.S. § 7A-243 (superior court is proper division for trials of civil actions where amount in controversy exceeds $10,000); N.C.G.S. § 7A-258 (motion to transfer to proper division).

On 19 July 1988, Whisnant died from health problems unrelated to his accident with the plaintiffs. The plaintiffs did not learn of Whisnant's death until 17 August 1989 when Whisnant's attorney informed the plaintiffs' attorney of the death. On 21 November 1989, Whisnant's attorney filed a motion to dismiss under N.C.G.S. § 1A-1, Rule 25 (Rule 25) alleging that the plaintiffs' action had abated because the plaintiffs had not presented their claims to Whisnant's personal representative and had not requested substitution of the personal representative for Whisnant. Furthermore, Whisnant's attorney moved for dismissal under Rule 41(b) for the plaintiffs' alleged failure to prosecute their claims. According to the record, the plaintiffs had not engaged in any discovery upon Whisnant nor had they taken any further action with regard to their claims since filing their complaint. On 27 November 1989, the plaintiffs filed a motion under Rule 25(a) to substitute Robert N. Hunter, Jr. (defendant) as the defendant in the action in place of Whisnant. According to the motion, the defendant was appointed to administer Whisnant's estate in November, 1989. Before that date, no one had been appointed to administer the estate. The trial court allowed the plaintiffs' Rule 25(a) motion on 7 February 1990.

On approximately 7 February 1990, the defendant moved to transfer the plaintiffs' action from the Cabarrus County District Court to the Guilford County Superior Court. In a motion filed 7 February 1990, the plaintiffs' attorney, William Alexander, requested that he be allowed to withdraw as attorney of record for the plaintiffs and that Raymond Alexander be substituted in his place. The basis for the motion was that William Alexander's practice was located in Cabarrus County while Raymond Alexander's practice was located in Guilford County. By order filed 7 February 1990, the trial court granted this motion, and on 9 February 1990,

the trial court transferred the plaintiffs' action to the Guilford County Superior Court.

At some time in late 1990, the action was placed upon the Non-Jury Administrative Civil Session calendar for the week of 31 December 1990 for the purpose of setting a trial date. The action was scheduled to be heard at 12:00 p.m. on 4 January 1991. Nothing in the record indicates that the plaintiffs were notified of or knew of the hearing. When the case came on for hearing, the defendant's attorney appeared but the plaintiffs and their attorney did not. The defendant requested and the trial court set 3 June 1991 as the trial date. The defendant also requested orally that the action be placed on the Motion Non-Jury Civil Session calendar for the week of 4 February 1991 because he planned to make another motion for involuntary dismissal under Rule 41(b). The trial court granted the defendant's calendar request.

On 10 January 1991, the defendant filed a Rule 41(b) motion for involuntary dismissal for the plaintiffs' alleged failure to prosecute their claims and to comply with the Rules of Civil Procedure. The motion came on for hearing on 4 February 1991. Nothing in the record indicates that the plaintiffs were notified of or knew of the hearing. Neither the plaintiffs nor their attorney appeared at the 10:00 a.m. calendar call. According to the plaintiffs, their attorney did not appear because he was answering the calendar call for a criminal case in superior court. At approximately 2:00 p.m., however, the plaintiffs' attorney appeared for hearing on the defendant's motion. The trial court granted the plaintiffs a hearing on the motion and ordered the hearing set for 7 February 1991. The parties' attorneys appeared at the hearing, and after the hearing, the trial court filed its order granting the defendant's Rule 41(b) motion and dismissed the complaint with prejudice.[1] Although a transcript of this hearing was apparently made, the transcript has not been included as a part of the record on appeal. The plaintiffs gave notice of appeal on 12 February 1991, and on 16 April 1991, they filed in the trial court a motion under N.C.G.S. § 1A-1, Rule 60(b)(1) (Rule 60(b)(1)) for relief from the order of involuntary dismissal entered 7 February 1991. The trial court denied this motion on 10 June 1991. The record does not reflect that the plain-

---

1. Although the trial court did not specify that the dismissal was with prejudice, the failure of the order to specify otherwise operated "as an adjudication on the merits." N.C.G.S. § 1A-1, Rule 41(b) (1990).

tiffs gave notice of appeal from the trial court's denial of their Rule 60(b)(1) motion.

---

The dispositive issue is whether the trial court erred in dismissing the plaintiffs' action under either N.C.G.S. § 1A-1, Rule 41(b) or N.C.G.S. § 1A-1, Rule 8(a)(2).

Under Rule 41(b), a trial court may enter sanctions for failure to prosecute *only* where the plaintiff or his attorney "manifests an intention to thwart the progress of the action to its conclusion" or "fails to progress the action towards its conclusion" by engaging in some delaying tactic. *Green v. Eure*, 18 N.C. App. 671, 672, 197 S.E.2d 599, 601 (1973); *Jones v. Stone*, 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *disc. rev. denied*, 304 N.C. 195, 285 S.E.2d 99 (1981); *see also Smith v. Quinn*, 324 N.C. 316, 318-19, 378 S.E.2d 28, 30-31 (1989) (trial court did not err in dismissing plaintiff's action where plaintiff's attorney violated Rule of Civil Procedure for purposes of delay and gaining unfair advantage). Whether a plaintiff or his attorney has manifested an intent to thwart the progress of an action or has engaged in some delaying tactic may be inferred from the facts surrounding the delay in the prosecution of the case. *Green*, 18 N.C. App. at 672, 197 S.E.2d at 600-01; *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 8 L.Ed.2d 734, 739-40 (1962) (petitioner's deliberate dilatory conduct reasonably inferred from facts including "drawn-out history of the litigation"). Furthermore, a trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order. *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984) (Rule 8(a)(2) ); *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 420, 378 S.E.2d 196, 200 (1989) (court order). The sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. *See Smith*, 324 N.C. at 318-19, 378 S.E.2d at 30-31; *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674-75, 360 S.E.2d 772, 776 (1987) (trial court properly sanctioned plaintiff for plaintiff's attorney's violation of court order); *cf. Turner v. Duke Univ.*, 101 N.C. App. 276, 280-81, 399 S.E.2d 402, 405, *disc. rev. denied*, 329 N.C. 505, 407 S.E.2d 552 (1991) (attorney committed acts giving rise to sanction). The lack of misconduct by a represented party, however, can mitigate against the use of severe sanctions against that party.

**FOY _v._ HUNTER**

[106 N.C. App. 614 (1992)]

This case concerns an order of involuntary dismissal with prejudice based on the plaintiffs' alleged failure to prosecute their action and based on an alleged failure to comply with the Rules of Civil Procedure.

### Failure To Prosecute

[1] Although the trial court made no finding as to whether the plaintiffs or their attorney had manifested an intent to thwart the progress of their action or had engaged in some delaying tactic, the trial court found that the _plaintiffs_ had not assisted or cooperated with their attorneys and had not been diligent in prosecuting their action and concluded that the plaintiffs had failed to prosecute their action. Assuming _arguendo_ that these findings support the conclusion, the evidence in the record does not support these findings. Nothing in the record indicates that the plaintiffs failed to assist or cooperate with their attorneys or that they were not diligent in prosecuting their action, and therefore, the entry of sanctions against either the plaintiffs or their attorney may not be upheld on the ground of the _plaintiffs'_ failure to prosecute. We do not consider whether the plaintiffs' _attorneys_ failed to prosecute the action because the trial court did not make any findings on the issue.

### Demand for Excessive Monetary Relief

[2] The trial court also found that the plaintiffs' unverified complaint demanded $176,000 in damages and concluded that there had been a violation of Rule 8(a)(2) because of this demand in the plaintiffs' negligence action. The evidence supports this finding which in turn supports the conclusion that the complaint violated Rule 8(a)(2). _Harris_, 311 N.C. at 550, 319 S.E.2d at 921 (violation of Rule 8(a)(2) ). Although dismissal under Rule 8(a)(2) is within the discretion of the trial court, when the rule is violated such sanction "may not be imposed mechanically." _See Rivenbark_, 93 N.C. App. at 420, 378 S.E.2d at 200. Because the drastic sanction of dismissal "is not always the best sanction available to the trial court and is certainly not the only sanction available," dismissal "is to be applied only when the trial court determines that less drastic sanctions will not suffice." _Harris_, 311 N.C. at 551, 319 S.E.2d at 922; _Rivenbark_, 93 N.C. App. at 420-21, 378 S.E.2d at 200-01 (failure to comply with court order); _see also_ W. Brian Howell, _Shuford North Carolina Civil Practice and Procedure_ § 8-3 (4th ed. 1992) (dismissal not the only sanction available to "adequately

enforce the purpose" of Rule 8(a)(2) ). Less drastic sanctions include: (1) striking the offending portion of the pleading; (2) imposition of fines, costs (including attorney fees) or damages against the represented party or his counsel; (3) court ordered attorney disciplinary measures, including admonition, reprimand, censure, or suspension; (4) informing the North Carolina State Bar of the conduct of the attorney; and (5) dismissal without prejudice. *See generally Daniels*, 320 N.C. at 674, 360 S.E.2d at 776 (discussing inherent power of the court); *Chambers v. NASCO, Inc.*, --- U.S. ---, ---, 115 L.Ed.2d 27, 44-46 (1991) (discussing inherent power of the court); *see also* Rules, Regulations and Organization of the North Carolina State Bar, Article IX, § 2-C(2) (court has "inherent authority to take disciplinary action against attorneys").

Before dismissing an action with prejudice, the trial court must make findings and conclusions which indicate that it has considered these less drastic sanctions. *Rivenbark*, 93 N.C. App. at 421, 378 S.E.2d at 201. If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion. *Miller v. Ferree*, 84 N.C. App. 135, 137, 351 S.E.2d 845, 847 (1987) (no abuse of discretion where trial court considered sanctions less severe than dismissal without prejudice, determined that they were inappropriate, and dismissed the action without prejudice).

The record shows that the trial court dismissed the plaintiffs' action with prejudice without assessing the appropriateness of sanctions less severe than dismissal with prejudice. Accordingly, we reverse the dismissal of the complaint and the denial of the plaintiffs' Rule 60(b)(1) motion and remand for reconsideration of an appropriate sanction for violation of Rule 8(a)(2).

Reversed and remanded.

Judges PARKER and COZORT concur.