**THOMPSON v. HANK'S OF CAROLINA, INC.**

[109 N.C. App. 89 (1993)]

The decision of the trial court is affirmed.

Chief Judge ARNOLD and Judge ORR concur.

---

ROBERT G. THOMPSON AND WIFE, LINDA THOMPSON, AND HANK'S GOURMET DESSERTS, INC., PLAINTIFFS v. HANK'S OF CAROLINA, INC., HANK'S HOMEMADE ICE CREAM, INC., CHRISTOPHER A. RISELY, JOSEPH KADANE' AND SUSAN E. RITTENHOUSE, DEFENDANTS

No. 913SC934

(Filed 16 February 1993)

1. **Costs § 1 (NCI4th)— prosecution bond—security for costs— amount—discretion of court**

    The trial court had the discretion to require a prosecution bond as security for costs in an amount greater than the $200 set forth in N.C.G.S. § 1-109, and plaintiffs' failure to post the $7,500 bond set by the court within 30 days subjected their action to dismissal.

    **Am Jur 2d, Costs § 40.**

2. **Costs § 1 (NCI4th)— prosecution bond—failure to post— dismissal—consideration of other sanctions**

    Although N.C.G.S. § 1-109 grants a trial court discretionary authority to dismiss an action as a sanction for violation of a court order imposing a prosecution bond, the court erred in imposing the sanction of dismissal without first considering less drastic sanctions.

    **Am Jur 2d, Costs § 43.**

Appeal by plaintiffs from an order filed 25 April 1991 by Judge Paul M. Wright and an order filed 17 May 1991 by Judge George R. Greene in Pitt County Superior Court. Heard in the Court of Appeals 13 November 1992.

On 1 May 1990 plaintiffs filed a complaint against the defendants. Because a review of the complaint's allegations is not necessary to proper disposition of this appeal, we do not recount them here. On 6 February 1991 plaintiffs filed a motion to amend their complaint. Two days later the defendants filed a motion, pursuant

to G.S. § 1-109, seeking to have plaintiffs file a prosecution bond. On 22 February 1991, Judge Griffin entered an order allowing plaintiffs to amend the complaint. By the same order Judge Griffin allowed the defendants' motion for the prosecution bond and ordered that:

> pursuant to Section 1-109 of the General Statutes of North Carolina . . . the plaintiffs shall, within thirty days of the date of this order, either (a) give an undertaking with sufficient surety in the sum of SEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($7,500.00), with the condition that it will be void if the plaintiffs pay the defendants all costs which the defendants recover of them in this action, . . . or (b) deposit the sum of SEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($7,500.00) with such Clerk as security to the defendants for such costs.

On 5 April 1991 the defendants filed a motion to dismiss the plaintiffs' claims for failure to post the prosecution bond within the thirty day period. On 12 April 1991, the plaintiffs filed a motion for extension of time in which to post the prosecution bond. On 25 April 1991 Judge Wright filed an order granting the defendants' motion and dismissing plaintiffs' claims. On 18 April 1991 plaintiffs filed a motion to reconsider pursuant to N.C.R. Civ. P. 60(b). That motion was denied by Judge Greene in an order filed 17 May 1991.

Plaintiffs filed separate notices of appeal from the orders dismissing their claims and denying N.C.R. Civ. P. 60(b) relief.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Susan K. Burkhart and Maxwell & Hutson, P.A., by John C. Martin, for the plaintiff-appellants.*

*Everett, Everett, Warren & Harper, by Edward J. Harper, II, for the defendant-appellees.*

EAGLES, Judge.

[1] Plaintiffs argue that the trial court erred by dismissing their claims pursuant to G.S. § 1-109. Specifically, plaintiffs argue that the trial court lacked authority to dismiss their actions pursuant to G.S. § 1-109 and that dismissal was an inappropriate sanction.

G.S. § 1-109 allows a defendant in a civil action or special proceeding to seek a $200.00 prosecution bond. It also provides,

in pertinent part, that "failure to comply with such order within 30 days from the date thereof shall constitute grounds for dismissal of such civil action or special proceeding[.]"

In *Narron v. Union Camp Corp.*, 81 N.C. App. 263, 344 S.E.2d 64 (1986), Judge Brown "ordered plaintiffs to post the $200.00 bond specified in G.S. 1-109 and 'that such bond should be increased by the amount of $2,500.00 making a total of $2,700.00.'" *Id.* at 265, 344 S.E.2d at 65. The plaintiffs neither appealed from the order nor posted the bond. Judge Winberry, relying on G.S. § 1-109, dismissed the action *ex mero motu*. On appeal, and after quoting G.S. § 1-109, this Court held:

> Were we to apply G.S. 1-109 literally without the benefit of earlier decisions, we might conclude that plaintiffs are correct in their assertion that the court may require a bond of $200.00 and no more.
>
> However, our Supreme Court has construed this statutory language otherwise. The operative portions of G.S. 1-109 . . . have been in effect for many years. . . . A line of older authority, never overruled and unaffected by subsequent, merely formal amendments, has consistently construed these statutes as allowing the court in its discretion to require additional security for costs beyond the $200.00 statutory figure.
>
> * * *
>
> These precedents establish the court's authority to set bond in an amount above the $200.00 statutory limit. Defendant's motion for an additional bond was timely and plaintiffs have not disputed the facts found by the court to support the additional bond required. Judge Brown's order was proper. *It follows from the clear language of the statute that plaintiff's failure to post the bond subjected their action to dismissal.*

*Id.* at 266-67, 344 S.E.2d at 66-67 (citations omitted) (emphasis ours).

The instant case is factually similar to *Narron*. Here, as in *Narron*, the trial judge exercised his discretion by setting the amount of the bond above $200.00. Furthermore, as they concede in their reply brief, plaintiffs did not directly challenge the order setting the prosecution bond. (Plaintiffs did raise assignments of error challenging the findings and conclusions of Judge Griffin. However, plaintiffs waived those assignments by failure to offer reason, argu-

ment or authority to support them in their brief. N.C.R. App. P. 28(b)(5) ). Finally, plaintiffs' claims were dismissed as a result of the plaintiff's failure to timely file the bond.

However, plaintiffs argue in their brief that the instant case is distinguishable from *Narron.*

> In this case, in contrast to <u>Narron</u>, the trial court did *not* recite in its order that the plaintiffs must post a $200.00 bond and that such bond be increased to (sic) $7,300.00. Rather, the court, in its discretion, ordered the posting of a bond in the sum of $7,500.00. Although the trial court could properly enter such an order, in its discretion, it could not do so pursuant to N.C. Gen. Stat. § 1-109.

We disagree with plaintiffs' interpretation of *Narron.* In *Narron,* our Court specifically held that the plaintiffs' claims were subject to dismissal *pursuant to G.S. § 1-109* because the plaintiffs failed to timely obtain a prosecution bond. Moreover, plaintiffs' attempt to distinguish Judge Griffin's order because it "did *not* recite . . . that the plaintiffs must post a $200.00 bond and that such bond be increased to (sic) $7,300.00" fails because the order itself specifically states that "the motion of the defendants, pursuant to Section 1-109 of the General Statutes of North Carolina be, and it is hereby, allowed . . . ." Clearly, Judge Griffin entered his order pursuant to G.S. § 1-109. Here, as in *Narron,* "[i]t follows from the clear language of the statute that plaintiffs' failure to post the bond subjected their action to dismissal." *Id.* at 267, 344 S.E.2d at 67.

[2]    Plaintiffs next argue that the trial court erred by imposing the sanction of dismissal without first considering less stringent sanctions. We agree.

As stated above, G.S. § 1-109 provides that a party's failure to comply with an order imposing a prosecution bond "within 30 days from the date thereof shall constitute grounds for dismissal of such civil action or special proceeding[.]" G.S. § 1-109.

In *Daniels v. Montgomery Mut. Ins. Co.,* 320 N.C. 669, 360 S.E.2d 772 (1987) our Supreme Court noted that N.C.R. Civ. P. 41(b), which grants a trial court authority to dismiss an action with prejudice if a party fails to comply with a trial court's order, is identical to the federal rule. Then, after quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 321-22 (5th Cir. 1982), our Supreme Court deter-

mined that a trial court also has inherent power to impose a sanction less harsh than dismissal. We think that holding applies with equal force here. Though G.S. § 1-109 grants a trial court discretionary authority to dismiss an action as the sanction for violation of a court order imposing a prosecution bond, the court retains its inherent discretionary authority to impose a lesser sanction.

In *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989) the trial court dismissed a complaint pursuant to N.C.R. Civ. P. 41(b) because the plaintiff failed to comply with a court order. On appeal this Court held "that sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience." *Id.* at 420-21, 378 S.E.2d at 200-01. Our Court then concluded that a trial judge must consider whether a sanction less drastic than dismissal with prejudice would be effective in ensuring compliance with a court's order or would best serve the interest of justice before dismissing a complaint. The Court stated:

> Here the trial court made no findings of fact or conclusions of law which address whether less drastic sanctions would be effective in ensuring compliance with the court's order or would best serve the interests of justice. Accordingly, we vacate and remand that portion of the court's . . . order dismissing plaintiff's complaint.

*Id.* at 421, 378 S.E.2d at 201.

We believe that *Rivenbark's* holding applies with equal force in the context of G.S. § 1-109. Defendants argue, however, that the instant case is "strikingly similar" to the situation presented in *Sanford v. Starlite Disco, Inc.*, 66 N.C. App. 470, 311 S.E.2d 67 (1984). In *Sanford*, the plaintiff asserted that the trial court erred by dismissing his action, pursuant to N.C.R. Civ. P. 41(d), without taking into account the alleged excusable neglect of the plaintiff. Our Court held that language in N.C.R. Civ. P. 41(d) constitutes a "mandatory directive" to dismiss, and that the trial court was not required to consider the plaintiff's alleged excusable neglect. Unlike N.C.R. Civ. P. 41(d) which was at issue in *Sanford*, G.S. § 1-109 does not *mandate* dismissal upon failure to comply. Rather, it merely provides that failure to comply with the court's order constitutes a ground for dismissal. The decision to dismiss pursuant to G.S. § 1-109 lies in the sound discretion of the trial judge. *Narron*,

81 N.C. App. at 269, 344 S.E.2d at 67. Accordingly, *Sanford* is readily distinguishable.

The dispositive issue is whether the trial court considered imposition of a less drastic sanction. Here, the transcript of the hearing before Judge Wright contains no indication that Judge Wright considered lesser sanctions. Furthermore, as in *Rivenbark*, the trial court "made no findings of fact or conclusions of law which address whether less drastic sanctions would be effective . . . ." *Id.* at 421, 378 S.E.2d at 201. Accordingly, we vacate the order of the trial court dismissing the plaintiff's action and remand for further proceedings on defendant's motion for dismissal not inconsistent with this opinion. Our holding here does not affect the trial court's discretionary authority, on remand, to impose the sanction of dismissal after properly considering lesser sanctions. Finally, our decision to vacate the dismissal order renders Judge Greene's 17 May 1991 order denying plaintiff's N.C.R. Civ. P. 60(b) motion null. Accordingly, it must be vacated as well.

Because of our disposition of the foregoing issues, we need not reach any of the remaining arguments raised on appeal.

Vacated and remanded.

Judges ORR and JOHN concur.