JOHN GOSS, Plaintiff-Appellant and TM ENTERPRISES, INC., Plaintiff and Nominal Counterclaim Defendant v. EDWARD G. BATTLE, KATHY BATTLE, CHARLES DUCKETT, MARKETING INCORPORATED, and BATTLE AND ASSOCIATES, INC., Defendant-Appellees

No. 9221SC900

(Filed 20 July 1993)

**Rules of Civil Procedure § 37 (NCI3d)— failure to comply with discovery—consideration of sanctions less severe than dismissal required**

A trial court must consider less severe sanctions before dismissing a plaintiff's complaint under Rule 37(d) of the N.C. Rules of Civil Procedure.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 41.**

Judge LEWIS dissenting.

Appeal by plaintiff from order filed 23 April 1992 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 7 July 1993.

Plaintiff-appellant, John Goss, instituted this action against the defendant-appellees, Edward Battle, Kathy Battle, Charles Duckett, Marketing Incorporated, and Battle and Associates, Inc., on 10 September 1991. The complaint alleged fraud, unfair trade practices, and misappropriation of corporate opportunity. The allegations arose out of the operation of TM Enterprises, Inc. (TM), a marketing firm owned jointly by John Goss and Edward Battle. Defendants made a timely answer and counterclaimed against Goss and named TM as a nominal counterclaim defendant. The plaintiffs replied to the counterclaim.

The trial court, in its 23 April 1992 order, found the following uncontested facts:

GOSS v. BATTLE

[111 N.C. App. 173 (1993)]

| DATE | ACTION |
|------|--------|
| (a) 1/14/92 | Defendants served Interrogatories, and Request for Production of Documents on plaintiffs; |
| (b) 2/13/92 | Plaintiffs' counsel, Phillip S. Banks, represented that plaintiffs never received discovery requests, that such requests were "lost in the mail;" |
| (c) 2/13/92 | Defendants hand-delivered additional copies of Interrogatories and Requests for Production of Documents to Mr. Banks and mailed additional copies to Mr. Gregory R. Leonard, counsel for plaintiffs resident in New Jersey, and gave plaintiffs through 3/2/92 to answer discovery pursuant to Mr. Banks' representation that this would allow plaintiffs sufficient time to respond; |
| (d) 3/2/92 | No responses or objections were served by plaintiffs; no motion for protective order was filed; and no request for extension of time made to defendants; |
| (e) 3/5/92 | Mr. Banks left a message at the office of defendants' counsel that additional time was needed to respond to discovery; by letter of same date defendants granted plaintiffs additional time to respond through 3/10/92; |
| (f) 3/10/92 | No responses or objections were served; no motion for protective order was filed; and no request for extension of time made to defendants; |
| (g) 3/13/92 | By letter, defendants granted plaintiffs third and final extension of time to respond through 3/16/92; |
| (h) 3/16/92 | No response whatsoever from the plaintiffs; |
| (i) 3/17/92 | Mr. Banks represented to defendants that responses would be served by 3/20/92 and that if plaintiffs were unable to serve responses by this date, plaintiffs would contact defendants; |
| (j) 3/20/92 | Plaintiffs served no responses of any kind; defendants' calls to Mr. Banks' office were not returned; |
| (k) 3/23/92 | Defendants filed Motion to Compel and for Sanctions under Rule 37(d) as result of plaintiffs' failure to make discovery; |

## GOSS v. BATTLE

[111 N.C. App. 173 (1993)]

(l) 3/24/92 Mr. Banks called defendants to discuss responses and represented that all documents in the possession of plaintiffs which related to the action would be made available for inspection by defendants only at the home of plaintiff John Goss beginning 3/27/92; and Mr. Banks gave no estimated date for the service of interrogatory responses;

(m) 3/26/92 Defendants objected to being compelled to review documents in home of hostile party, John Goss, and so notified the plaintiffs. Defendants offered to transport the documents from plaintiff's home to Mr. Banks' office at defendants' expense; plaintiffs refused this offer outright; plaintiffs failed to provide any responses to defendants' discovery requests;

(n) 3/30/92 Mr. Banks hand-delivered to defendants' counsel two letters . . . stating, in essence, that plaintiffs will make their documents available only at the home of plaintiff John Goss and further that all documents in plaintiffs' possession are documents also possessed, in one form or another, by defendants; as to interrogatories, plaintiffs responded that the deposition of plaintiff John Goss answered all interrogatories and plaintiffs feel there is, therefore, no need to respond further;

(o) 3/30/92 Counsel for plaintiffs consistently represented that
    thru    responses to interrogatories would be forthcoming but
    4/9/92  no responses of any kind were served until 4/9/92;

(p) 4/9/92 Plaintiffs delivered, after close of business hours, responses to defendants' Interrogatories and Requests for Production of Documents, . . .

The response to the interrogatories and requests for production of documents made reference to data compilations on computer disks, which the court found required access to a computer and special knowledge of its use. The court further found plaintiffs' counsel offered no reasonable excuse for failing to respond as required by the North Carolina Rules of Civil Procedure. Based on the foregoing facts, the trial court concluded the plaintiffs' conduct in discovery matters was a "reprehensible abuse" of applicable rules and therefore dismissed plaintiffs' action with prejudice. The record does not indicate that the trial court considered any sanc-

tion less severe than dismissal with prejudice before ordering dismissal.

*Hendrick, Zotian, Bennett, Cocklereece & Blancato, by Richard V. Bennett and Sherry R. Dawson, for plaintiff-appellants.*

*Robinson, Maready, Lawing & Comerford, by Norwood Robinson and Michael Robinson, for defendant-appellees.*

EAGLES, Judge.

The sole issue presented by this appeal is whether a trial court must consider less severe sanctions before dismissing a plaintiff's complaint under Rule 37(d) of the North Carolina Rules of Civil Procedure. Appellants argue the rule enunciated in *Foy v. Hunter*, 106 N.C. App. 614, 418 S.E.2d 299 (1992) and *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989), which require a trial court to consider lesser sanctions before dismissing an action under Rule 41(b), should be extended to include a trial court's decision to dismiss an action under Rule 37(d) as well. We agree.

Appellees argue that Rule 37(d) specifically provides for the sanction of dismissal for failure to comply with discovery rules and, therefore, the trial court did not err in dismissing plaintiffs' action. Dismissal is specifically listed as an appropriate sanction in N.C. R. Civ. Pro. 41(b) and G.S. § 1-109. The language of these provisions does not expressly require a trial court to consider lesser sanctions before dismissing. However, our courts have interpreted these provisions to require a trial court to consider lesser sanctions before ordering a dismissal pursuant to these provisions. *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984) (dismissal pursuant to Rule 41(b) to be ordered only when the trial court determines less drastic sanctions will not suffice); *Thompson v. Hanks of Carolina, Inc.*, 109 N.C. App. 89, 426 S.E.2d 278 (1993) (requiring trial court to consider lesser sanctions before dismissing pursuant to G.S. § 1-109).

Our Supreme Court has held: "Although an action may be dismissed under Rule 41(b) for a plaintiff's failure to comply with Rule 8(a)(2), this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice." *Maready*, 311 N.C. at 551, 319 S.E.2d at 922. *See also Foy*, 106 N.C. App. at 620, 418 S.E.2d at 303. Also in the context of Rule

41(b), this Court has held that "sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience." *Rivenbark*, 93 N.C. App. at 420-21, 378 S.E.2d at 200-01. Likewise, in construing G.S. § 1-109, this Court has held, "the trial court erred by imposing the sanction of dismissal without first considering less stringent sanctions." *Thompson*, 109 N.C. App. at 92, 426 S.E.2d at 281.

The determination of what sanction, if any, should be imposed under Rule 41(d) and G.S. § 1-109 lies in the sound discretion of the trial court. *Rivenbark*, 93 N.C. App. at 420, 378 S.E.2d at 200; *Thompson*, 109 N.C. App. at 93, 426 S.E.2d at 281. Likewise, the determination of what, if any, sanction to be imposed under Rule 37(d) lies in the sound discretion of the trial court. *Plumbing Co. v. Associates*, 37 N.C. App. 149, 153, 245 S.E.2d 555, 557 (1978). In the context of Rule 41(d) and G.S. § 1-109, this Court requires the trial court to first consider less severe sanctions. The same policy requires the trial court consider less severe sanctions before dismissing pursuant to Rule 37(d).

Appellees argue that this Court has upheld dismissals under Rule 37(d) for failure to respond to discovery in cases such as *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 362 S.E.2d 868 (1987). However, *Fulton* is distinguishable from the present case. In *Fulton*, this Court rejected the appellant's argument that a trial court must impose, not merely consider, a less stringent sanction before ordering dismissal under Rule 37(d). *Fulton*, 88 N.C. App. at 275, 362 S.E.2d at 869. Here, appellants argue the trial court must at least *consider* a less severe sanction before ordering a dismissal, but do not argue that the trial court must first impose a less severe sanction.

Here, we have reviewed the transcript of the 10 April 1992 hearing and the order filed 23 April 1992. Neither indicate the trial court considered a less severe sanction before dismissing the action. Accordingly, the order of the trial court dismissing the plaintiffs' action is vacated, and is remanded for further proceedings not inconsistent with this opinion. It is important to note that our holding today does not affect the trial court's discretionary authority, on remand, to impose the sanction of dismissal with prejudice after properly considering less severe sanctions.

Vacated and remanded.

Judge GREENE concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent because I do not believe a trial judge should be required to state whether or not he or she has considered discovery sanctions less severe than dismissal with prejudice. This is an issue of first impression in North Carolina. Although our courts have stated that a trial judge need not impose less drastic discovery sanctions under Rule 37 before more severe sanctions, see *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 362 S.E.2d 868 (1987), our courts have not discussed whether a trial judge must first *consider* lesser sanctions.

The majority draws support from the Supreme Court case of *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984). In that case the Court of Appeals reversed the trial court for refusing to grant a Rule 41(b) involuntary dismissal for a Rule 8(a)(2) violation. The Supreme Court's opinion clarified that it was not error for the trial judge to *refuse* to impose the severe sanction of dismissal, stating that:

> dismissal for a violation of Rule 8(a)(2) is not always the best sanction available to the trial court and is certainly not the only sanction available. Although an action may be dismissed under Rule 41(b) for a plaintiff's failure to comply with Rule 8(a)(2), this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice.

311 N.C. at 551, 319 S.E.2d at 922. Because the Supreme Court was addressing a different, almost opposite, situation under a different rule, I believe that *Harris* is not relevant to the case at hand.

The imposition of sanctions under Rule 37 is within the discretion of the trial judge, see *Roane-Barker v. Southeastern Hosp. Supply Corp.*, 99 N.C. App. 30, 392 S.E.2d 663 (1990), *disc. rev. denied*, 328 N.C. 93, 402 S.E.2d 418 (1991), and the sanction imposed was clearly authorized under Rule 37. N.C.G.S. § 1A-1, Rule 37(b)(2)c. (1990). The trial judge was certainly aware of the other options

available under Rule 37, but chose, for obvious reasons, to impose the severe sanction of dismissal with prejudice.

It is an imposition on judicial economy to remand the case at hand so that the judge may state for the record that he considered other sanctions but believes the sanction chosen was appropriate. I believe a trial judge naturally considers the options before him when making various decisions, and that it is superfluous to require the judge to formally state that he has considered lesser options. This rule was made applicable to sanctions under Rule 41, but Rule 37 applied to the case at hand, which involved only discovery proceedings.

With all trial courts overburdened by volume and complexity of cases, I can see no justifiable reason to fetter a discretionary ruling with another requirement for "findings" or "considerations." Since we presume that citizens "know the law," why not presume as well that trial judges know the law and their range of sanctions? If they know what they can do, is it not reasonable to believe that the judge did in fact consider all the options available before ordering the sanction imposed?

I see no reason to create another time consuming, space devouring judicially enacted requirement. I would affirm the decision of the trial court and therefore respectfully dissent from the majority opinion.