MARTIN, Chief Judge.
The facts pertinent to this appeal are as follows: Mildred Kluttz died testate on 5 May 2000, survived by five children: plaintiffs Shirley Kluttz Bare, Don Crawford Kluttz and George C. Kluttz, Jr. ("plaintiffs") and defendants Martin W. Kluttz and Charles Lee Kluttz. Her will provided that her net estate should be distributed to her children as follows: ten percent each to Shirley Kluttz Bare, Don Crawford Kluttz, George C. Kluttz, Jr., and Charles Lee Kluttz, and the remaining sixty percent todefendant Martin Kluttz. Plaintiffs brought this action alleging that Martin Kluttz had converted Mildred Kluttz's property to his own use during her lifetime, and had exercised undue influence over her as a result of which she borrowed money using her property as collateral for the benefit of Martin Kluttz, leased a truck for his benefit, and transferred two parcels of real property and several automobiles to him. Plaintiffs sought to rescind various transactions, as well as the recovery of compensatory and punitive damages. Martin Kluttz answered, denying the material allegations of the complaint and asserting counterclaims for invasion of privacy and abuse of process.
Plaintiffs served a request for production of documents upon Martin Kluttz on 23 March 2001, in response to which he filed a motion for a protective order. Plaintiffs moved to compel discovery. On 20 August 2001, Judge Clarence E. Horton, Jr. heard the motions, granting each of them in part and denying each in part. The order provided, inter alia:
4. That the Court will reconsider the Plaintiffs' request to compel discovery with regard to Request for Production Numbers 1, 3, 21, 22, 28, 29, and 30 in the event Plaintiffs can show a more specific need for documentation based upon a more complete factual record.
These requests included documents to be introduced at trial or other hearing, documents relating to the plaintiffs' allegations, and Martin Kluttz's records regarding his personal finances, his son's health, and his real or personal property, including loans. On 10 March 2003, plaintiffs filed another motion to compel discovery based on evidence and inconsistencies elicited in the course of deposition testimony of Martin Kluttz and at least one other witness. After a 21 April 2003 hearing, Judge Kimberly S. Taylor ordered that Martin Kluttz provide plaintiffs with the documents referred to in the above quoted paragraph 4 of Judge Horton's order, such discovery to be provided on or before 21 May 2003. Plaintiffs' attorney communicated with Martin Kluttz's attorney in an attempt to obtain requested information, but when the discovery responses were not forthcoming, finally filed and served a motion for sanctions on 18 July 2003.
After an 18 August 2003 hearing on the motion for sanctions, Judge W. Erwin Spainhour found that Martin Kluttz had willfully and without just cause or excuse failed to comply with Judge Taylor's order and that sanctions should be imposed. In addition, the order recited that the court had "carefully considered whether any alternative sanction would be effective or appropriate" in light of defendant Martin Kluttz's disregard of Judge Taylor's order and determined that "no less severe sanction than striking the pleadings of defendant Martin W. Kluttz and the entry of default against him would be appropriate." Defendant appeals from both Judge Taylor's order compelling discovery and Judge Spainhour's order granting sanctions for failing to provide the discovery.
Defendant first argues that because Judge Horton granted his motion for a protective order as to the materials sought byplaintiffs relating to certain of defendant's personal financial records and his son's medical records, as provided in paragraph 4 of Judge Horton's 20 August 2001 order, Judge Taylor erred by ordering him to produce those same documents in her order of 8 May 2003. We cannot agree.
"It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." Hudson v. Hudson, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480, disc. review denied, 293 N.C. 589, 239 S.E.2d 264-65 (1977). To reverse a trial court for abuse of discretion, its ruling must be shown that to be so arbitrary that it could not be the result of a reasoned decision. Essex Grp., Inc. v. Express Wire Servs. Inc., 157 N.C. App. 360, 362, 578 S.E.2d 705, 707 (2003).
At the August 2001 discovery hearing, the trial court recognized that the medical information was privileged and the requests for financial information were overbroad "based upon the factual record presently developed", thus relieving Martin Kluttz from responding to those requests. By May 2003, however, Martin Kluttz and at least one other witness had been deposed and, based upon information elicited in those depositions and inconsistencies therein, plaintiffs again sought the information which had been previously protected, an eventuality specifically anticipated and provided for by Judge Horton in his earlier order. Based upon the record before the trial court, and reviewed by us, we cannot say, and defendant has not shown, that Judge Taylor's order to producethe discovery was so arbitrary it could not have been the product of a reasoned decision. This assignment of error is overruled.
Even so, Martin Kluttz argues that Judge Spainhour erred by granting plaintiffs' motion for sanctions, striking his pleadings and entering his default for his failure to comply with Judge Taylor's order, without first considering and imposing lesser sanctions. Again, we disagree.
Prior to dismissing an action with prejudice as a sanction for discovery abuse, a trial court must indicate that it has considered less drastic sanctions. Foy v. Hunter, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992). "If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion." Id. As with discovery, "the determination of what, if any, sanction to be imposed under Rule 37(d) lies in the sound discretion of the trial court." Goss v. Battle, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993); see also Hursey v. Homes by Design, Inc., 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995) (inferring that the trial court considered all options before dismissing). The exercise of discretion by the trial court when considering dismissal for noncompliance with discovery rules "should not be disturbed unless manifestly unsupported by reason." Cheek v. Poole, 121 N.C. App. 370, 374, 465 S.E.2d 561, 564, cert. denied, 343 N.C. 305, 471 S.E.2d 68 (1996) (internal citation omitted).
In the present case, the trial court noted that it had "carefully considered whether any alternative sanction would beeffective or appropriate" given the time that elapsed between the April 2003 order, the July 2003 service of the motion for sanctions and defendant Martin Kluttz's continuing failure to respond at the time of the hearing on 18 August 2003. We conclude the evidence is sufficient to support the court's submission of the instruction and its denial of the motion to dismiss. Again, we cannot say the order was either arbitrary or unreasonable and thus, we discern no abuse of the trial court's discretion.
Affirmed.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).