### J. McKINNON MOORE v. J. E. STRICKLAND

No. 744DC787

(Filed 20 November 1974)

**Appeal and Error § 24— exceptions appearing only in assignments of error**

> Exceptions appearing nowhere in the record except in purported assignments of error are completely ineffectual and will not be considered on appeal; however, when exceptions have not been properly preserved, the appeal will be taken as an exception to the judgment.

APPEAL by defendant from *Crumpler, Judge,* 25 April 1974 Session of District Court held in SAMPSON County. Heard in the Court of Appeals 23 October 1974.

This is a civil action to recover damages for breach of an alleged brokerage contract for the sale of certain real property. Plaintiff alleged and offered proof that on 20 February 1973, the defendant signed an exclusive listing agreement for the sale of certain real property under the terms of which plaintiff was to have an exclusive right to sell the property referred to in the agreement within the time stated therein. Defendant was to receive a stated sum of money from the sale, to wit: $9,000, with the plaintiff's commissions, if any, coming from any "overage" that plaintiff might obtain from the sale.

Defendant admitted signing the exclusive listing agreement but alleged and offered proof tending to show that at the time he signed the agreement he lacked sufficient mental capacity to know the force and effect of his signing the agreement, and further, that in any event, he had revoked the agreement before the plaintiff obtained a willing and able purchaser to whom the property could be sold pursuant to the agreement.

Plaintiff alleged and offered proof that he had acquired a willing and able purchaser as provided in the agreement and that he had done this prior to receiving a letter from the defendant purporting to revoke the agreement. Defendant admitted that he sold the property for $12,000 some six weeks after signing the agreement. The purchaser was the same purchaser identified by plaintiff as the willing and able purchaser found by him.

The jury answered the issues submitted to them in favor of plaintiff and awarded plaintiff $2,950 damages. Defendant appeals from judgment entered on the verdict.

*Warren and Fowler, by Miles B. Fowler, for plaintiff appellee.*

*E. C. Thompson III for defendant appellant.*

MORRIS, Judge.

The appellant in his record on appeal undertakes to set out 20 assginments of error based on a like number of exceptions, without making any attempt to group his assignments of error. The exceptions appear nowhere in the record except in the purported assignments of error. Such exceptions are completely ineffectual and will not be considered on appeal. Rule 21, Rules of Practice in the Court of Appeals. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967); *Dilday v. Board of Education,* 267 N.C. 438, 148 S.E. 2d 513 (1966); *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); *In re Register,* 5 N.C. App. 29, 167 S.E. 2d 802 (1969); *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969). However, in the absence of exceptions, or when exceptions have not been properly preserved in accordance with our Rules of Practice, the appeal will be taken as an exception to the judgment. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118 (1956). We are, therefore, limited to the question whether error appears on the face of the record.

We find no error appearing on the face of the record. Indeed, our review of the entire record reveals no error sufficiently prejudicial to warrant a new trial.

No error.

Judges HEDRICK and BALEY concur.