GLADYS H. THOMPSON v. PEOPLES BANK AND TRUST COMPANY, AND CHARLES E. JOHNSON, TRUSTEE

No. 741SC864

(Filed 5 February 1975)

**Rules of Civil Procedure § 41— failure of plaintiff to appear — dismissal proper**

The trial court did not err in dismissing plaintiff's case with prejudice where neither plaintiff nor her counsel appeared for the trial of her case and counsel gave no justifiable reason for such failure to appear.

APPEAL by plaintiff from *Collier, Judge,* 24 June 1974 Session of Superior Court held in PERQUIMANS County. Heard in the Court of Appeals 15 January 1975.

The 24 June 1974 order of Judge Collier dismissed plaintiff's case with prejudice when her attorney failed to answer the call of the calendar at 10:00 a.m. on the date set forth for the trial of her case. Plaintiff appealed.

The order provides as follows:

"This cause coming on for trial and being called for trial at 10:00 A.M., upon the convening of this Court, said cause being on the trial calendar and scheduled for trial, a copy of said calendar being hereto attached and by reference made a part hereof, the first two cases appearing on the trial calendar having been settled prior to the convening of this session of Court, and upon the call of said case for trial plaintiff and her counsel were not in Court, and the sheriff, pursuant to direction from the Court, called out the plaintiff in open Court as by law provided, and there was no response from either the plaintiff or her counsel, Mr. James R. Walker, Jr., and it appearing to the Court and the Court finding as a fact that said attorney for the plaintiff had been forwarded, by United States Mail, a copy of said calendar, same being forwarded by certified mail, as reflected by postal receipt appearing in the Court folder, a copy of which is attached hereto and by reference made a part hereof; that after the call of said case, as aforesaid, and the failure of plaintiff and her counsel to respond and appear, the Court directed that the panel of jurors summoned for the Session be dismissed for the Session, and the Court further directed at that time that said

case be dismissed with prejudice, and removed from the docket; that after the aforesaid proceedings had taken place, and particularly after the plaintiff and her counsel had been called and they failed to appear, and after the Court had dismissed the panel of jurors for the Session, there being no other jury matters to be taken up during the Session, and after the Court had directed that the cause be dismissed with prejudice, and removed from the docket, the said attorney for plaintiff, James R. Walker, Jr., appeared in Court and advised the Court that he desired that the cause be reinstated, but said counsel offered no excuse to the Court as to why he was not in Court at the call of said case, and further said counsel advised the Court that his client, the plaintiff, was not in Court but that she was somewhere in the community where she lives;

That after the foregoing had occurred, the said attorney for plaintiff, James R. Walker, Jr., advised the Court that he wished to file a paper, to wit, a Motion for Continuance, whereupon the Court advised said counsel that said cause was already dismissed with prejudice, as aforesaid, but the Court advised said counsel that he was permitted to file such paper as he had;

WHEREUPON, IT IS ORDERED, ADJUDGED AND DECREED That this cause be dismissed with prejudice, and removed from the docket.

This the 24th day of June, 1974.

ROBERT A. COLLIER, JR.
Judge Presiding."

*James R. Walker, Jr., for plaintiff appellant.*

*No counsel contra.*

MORRIS, Judge.

Defendant has failed properly to set forth his exceptions. "Such exceptions are completely ineffectual and will not be considered on appeal. Rule 21, Rules of Practice in the Court of Appeals. [Citations omitted.] However, in the absence of exceptions, or when exceptions have not been properly preserved in accordance with our Rules of Practice, the appeal will be taken as an exception to the judgment. *Holden v. Holden,* 245

N.C. 1, 95 S.E. 2d 118 (1956)." *Moore v. Strickland,* 23 N.C. App. 732, 733, 209 S.E. 2d 830 (1974). Our inquiry is thus limited to the question whether error appears on the face of the record.

We find no error appearing on the face of the record. Indeed, a review of the entire record reveals no prejudicial error. We note that defendant's brief contains statements probably intended as explanation or justification. However, nothing appears in the record which would indicate that there was a justifiable reason for counsel's failure to appear, nor does the record contain anything which would indicate any abuse of discretion on the part of the court in refusing to reopen the case and continue it.

Affirmed.

Judges PARKER and HEDRICK concur.