ALL CAROLINA CRANE & EQUIPMENT, LLC, Plaintiff,
v.
DAN'S RELOCATORS, INC. and ALFRED G. OWENS Defendants.
No. COA09-543.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication
Vaiden P. Kendrick and Jerry L. Spivey, for plaintiff-appellant.
York Williams & Lewis, L.L.P., by Gregory C. York and David R. DiMatteo, for defendants-appellees.
WYNN, Judge.
Before dismissing plaintiff's case with prejudice pursuant to Rule 41(b), the trial court is required to consider whether sanctions short of dismissal would not suffice.[1] In the present case, the trial court summarily dismissed Plaintiff's action with prejudice for failure to prosecute and failure to comply with a court order when Plaintiff failed to appear in court after the lunch recess. Because the trial court failed to consider whether lesser sanctions than dismissal would adequately address the violation, we set aside the trial court's order and remand.
Plaintiff commenced this action for negligence by filing a complaint on 18 September 2007. The complaint alleged that an agent of Defendant Dan's Relocators, Inc. negligently damaged Plaintiff's crane in an automobile accident. Defendants were served and filed answers.
The case came on for trial at the 12 January 2009 Civil Session of Superior Court in Brunswick County. The parties advised the trial court that the only issue for trial was loss-of-use damages. The trial court heard motions in limine, and a jury was selected and impaneled. Opening statements were concluded by 12:18 p.m. and the presiding judge gave instructions regarding the lunch break. The trial judge instructed everyone to be back at 1:45 p.m. The trial court then recessed for lunch.
Plaintiff's representative and counsel were not in the courtroom at 1:45 p.m. At approximately 1:55 p.m. the jury was brought into the courtroom and seated. The trial judge instructed the (absent) Plaintiff to call its first witness. There was no response. Counsel for Defendant then moved to dismiss (without stating grounds for the motion). The trial court granted Defendant's motion, released the jury, and recessed for the day at approximately 2:00 p.m.
On 15 January 2009, the trial court entered an Order formally dismissing Plaintiff's action. In pertinent part, the Order states, "upon Motion of the Defendants for dismissal for failure of the Plaintiff to prosecute its action and failure to comply with the Court's orders, the Court hereby dismisses this action with prejudice."
In response, Plaintiff filed a Motion for Relief from Judgment or Order pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. Plaintiff alleged he was entitled to relief on the grounds of mistake, inadvertence, or excusable neglect, and on the grounds that matters over which Plaintiff had no control (including weather) caused Plaintiff to be late in returning to court. The motion came on for hearing at the 2 February 2009 Civil Session of Superior Court in Brunswick County.
At the hearing Plaintiff's new counsel submitted affidavits from Plaintiff's trial counsel indicating their absence was due to their decision to have lunch at a restaurant some 27 miles away, and not being able to make it back before the jury was dismissed. Plaintiff's trial counsel, Jerry Spivey, testified that he arrived in time to see the jurors leaving the courthouse. Cross-examination of Mr. Spivey revealed that Plaintiff's attorneys understood the time constraint, and, although they had cell phones, they did not attempt to contact the trial court. On 4 February 2009, an order was entered denying Plaintiff's Rule 60 motion.
Plaintiff now appeals from the 15 January 2009 order dismissing his case with prejudice and from the 4 February 2009 order denying Plaintiff's Rule 60 motion. Although Plaintiff's assignment of error no. 15 concerns the trial court's order denying plaintiff's Rule 60 motion, all of Plaintiff's arguments in his brief concern the trial court's initial grant of Defendant's motion to dismiss. Accordingly, we hold that Plaintiff's appeal of the Rule 60 claim has been abandoned. N.C. R. App. P. 28(b)(6) (2009) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

I. Scope of Review
As a preliminary matter we must determine whether we may hear Plaintiff's appeal. Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure generally requires a party to object at trial in order to preserve an issue for appeal. N.C. R. App. P. 10(a)(1) (2009). Plaintiff obviously did not object at trial to the dismissal of his case because he was not there. Defendant argues that Plaintiff has not preserved any error for appeal because he failed to object below.
Rule 10(a)(1) contains an exception, however, for an issue "which by rule or law was deemed preserved or taken without any such action [by counsel at trial], including, but not limited to, whether the judgment is supported by . . . the findings of fact and conclusions of law . . . ." N.C. R. App. P. 10(a)(1). This exception would seem to memorialize the rule predating the adoption of the current Rule 10 that "in the absence of exceptions, or when exceptions have not been properly preserved in accordance with our Rules of Practice, the appeal will be taken as an exception to the judgment." Thompson v. Peoples Bank & Trust Co., 24 N.C. App. 577, 578, 211 S.E.2d 526, 527 (1975) (quoting Moore v. Strickland, 23 N.C. App. 732, 733, 209 S.E.2d 830, 831 (1974)) (affirming dismissal of plaintiff's case with prejudice when plaintiff and her counsel failed to appear for trial); see also Barbee v. Walton's Jewelers, Inc., 40 N.C. App. 760, 253 S.E.2d 596 (1979)(same). We must therefore determine whether error appears on the face of the record. We examine the entire record in light of precedents since Thompson and Barbee.

II. Lesser Sanctions
Plaintiff argues in his brief that the trial court erred in dismissing his case with prejudice without first considering whether lesser sanctions would suffice. We agree.
Involuntary dismissal of actions is governed by Rule 41(b) of the North Carolina Rules of Civil Procedure which provides:
(b) Involuntary dismissal; effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him.
N.C. Gen. Stat. § 1A-1, Rule 41(b)(2009).
Our Courts have repeatedly recognized that dismissal is the most severe sanction in a civil action, and must not be too readily granted. See, e.g., Harris v. Maready, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984); Lee v. Roses, 162 N.C. App. 129, 132, 590 S.E.2d 404, 407 (2004); Wilder v. Wilder, 146 N.C. App. 574, 576, 553 S.E.2d 425, 427 (2001); Rivenbark v. Southmark Corp., 93 N.C. App. 414, 420-21, 378 S.E.2d 196, 200-01 (1989). We recognized in Foy v. Hunter, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992), that a court may not dismiss an action with prejudice without first considering less drastic sanctions.
Because the drastic sanction of dismissal "is not always the best sanction available to the trial court and is certainly not the only sanction available," dismissal "is to be applied only when the trial court determines that less drastic sanctions will not suffice." Harris, 311 N.C. at 551, 319 S.E.2d at 922; Rivenbark, 93 N.C. App. at 420-21, 378 S.E.2d at 200-01. . . .
Before dismissing an action with prejudice, the trial court must make findings and conclusions which indicate that it has considered these less drastic sanctions. Rivenbark, 93 N.C. App. at 421, 378 S.E.2d at 201. If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion. Miller v. Ferree, 84 N.C. App. 135, 137, 351 S.E.2d 845, 847 (1987).
Id. at 619, 418 S.E.2d at 303 (considering dismissal for violations of Rule 8(a)(2)).
This Court in Rivenbark indicated that before dismissing an action with prejudice for failure to comply with a court order, the trial court is required to consider whether lesser sanctions would suffice. Rivenbark, 93 N.C. App. at 421, 378 S.E.2d at 201. We held "that sanctions may not be imposed mechanically. Rather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience." Id. at 420-21, 378 S.E.2d at 200-01. Because "the trial court made no findings of fact or conclusions of law which address whether less drastic sanctions would be effective in ensuring compliance with the court's order[,]" we vacated and remanded the trial court's order dismissing plaintiff's case. Id. at 421, 378 S.E.2d at 201.
In Wilder, this Court extended the requirement that the trial court consider lesser sanctions before dismissing plaintiff's case to dismissals for failure to prosecute. Wilder, 146 N.C. App. 574, 576, 553 S.E.2d 425, 426. Wilder recognized three factors that the trial court must take into account before dismissing an action for failure to prosecute. "They are: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." Id. at 578, 553 S.E.2d at 428. Although the trial court had made findings, it had not fully addressed any of these factors. We therefore vacated the trial court's order dismissing plaintiff's action with prejudice. Id.; see also Page v. Mandel, 154 N.C. App. 94, 102, 571 S.E.2d 635, 640 (2002)(extending requirement to consider lesser sanctions to dismissals pursuant to Rule 12(e)), disc. review denied, 356 N.C. 676, 577 S.E.2d 631 (2003).
In the present case the trial court dismissed Plaintiff's action with prejudice "for failure . . . to prosecute its action and failure to comply with the Court's orders." We find no findings of fact or conclusions of law in the record to support the dismissal. Indeed, there is no indication that the trial court considered any lesser sanction before imposing this extreme penalty. Because our precedents require such circumspection, we must set aside the trial court's order and remand for a determination of whether lesser sanctions than dismissal with prejudice are appropriate.
We note that Defendant further argues that the trial court's dismissal was correct under Rule 50(a) as the granting of a motion for a directed verdict. See N.C. Gen. Stat. 1A-1, Rule 50(a) (2009). Defendant would have us affirm the dismissal because Plaintiff presented no evidence when given the opportunity. Such an interpretation taxes the language used by Defense Counsel in requesting the dismissal and ignores altogether the language used in the trial court's order. Like Plaintiff's failure to object, this failure also stems from his failure to appear; and Defendant's argument must fail for the same reasons as stated above.
Reversed and remanded.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Wilder v. Wilder, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001).