LINDA MAZZONE WATKINS, Plaintiff-Appellee v. CLAIBORNE E. WATKINS, JR., Defendant-Appellant

No. COA99-622

(Filed 7 March 2000)

**Contempt— civil—insufficient findings**

The trial court's order purporting to hold defendant in civil contempt is vacated because: (1) the trial court's findings are insufficient to support its holding; and (2) the trial court failed to comply with the provisions of N.C.G.S. § 5A-23 when it did not provide defendant with notice or an order to show cause.

Appeal by defendant from order entered 8 December 1998 by Judge Elaine M. O'Neal in Durham County District Court. Heard in the Court of Appeals 28 February 2000.

*No brief for plaintiff-appellee.*

*Herring McBennett Mill Green & Flexner, PLLC, by Scott E. Allen, for defendant-appellant.*

WALKER, Judge.

Defendant appeals from an order of the trial court finding him "in contempt of this court and its order." The record shows that plaintiff Linda Mazzone Watkins and defendant Claiborne E. Watkins, Jr. were married on 18 July 1992 and separated on 28 November 1995. On 12 December 1997, plaintiff and defendant entered into a court-approved consent order, governing issues of custody and visitation of their minor child. Subsequently, defendant filed a motion to show cause

alleging that plaintiff violated the 12 December 1997 consent order. This matter was heard on 2 November 1998 and the trial court entered an order on 8 December 1998 finding in part:

2. THAT the [Defendant's] actions in filing this motion and constantly paging the plaintiff on a regular basis since the last hearing in this matter has become overreaching and oppressive.

Accordingly, the trial court concluded that defendant was in contempt of court and ordered that he serve thirty days in jail, with twenty-nine days suspended.

Although the trial court did not indicate whether the order is criminal or civil in nature, it is apparent the order purports to find defendant in civil contempt of the 12 December 1997 order since this is the only order in the record. Proceedings for civil contempt are governed by N.C. Gen. Stat. § 5A-23, which prescribes the steps to be followed by the trial court before a person can be found to be in contempt. Civil contempt orders are properly appealed to this Court. N.C. Gen. Stat. § 5A-24 (Cum. Supp. 1998).

The defendant contends the trial court erred in finding him in contempt of the 12 December 1997 order permitting him to have telephone contact with the minor child.

The 12 December 1997 order provides in part:

3(e). The defendant shall be entitled to talk with the minor child on the telephone once per day before 8:00 pm for at least five minutes when the minor child is not with him. Both parties shall try to facilitate this call and the defendant shall only call once a day requesting that call and the plaintiff if she does not accept the call and allow the child to talk at that time shall call the defendant and allow the minor child to talk to his father. The plaintiff shall be aware of the defendant's call by either having an answering machine or something on her phone to show what number is being called so that she can identify the defendant's number.

After reviewing the record, we conclude the trial court's findings are insufficient to support its holding that the defendant is in violation of the 12 December 1997 order in view of provision 3(e) of that order. Furthermore, the trial court failed to comply with the provisions of N.C. Gen. Stat. § 5A-23 in its contempt proceeding against the defendant. In particular, no notice or order to show cause was ever issued to the defendant.

**WATKINS v. WATKINS**

[136 N.C. App. 844 (2000)]

We urge our trial courts to identify whether contempt proceedings are in the nature of criminal contempt as set forth in Article I, Chapter 5A of the North Carolina General Statutes or are in the nature of civil contempt as set forth in Article II, Chapter 5A of the North Carolina General Statutes.

In light of the foregoing, the trial court's order of 8 December 1998 is

Vacated.

Chief Judge EAGLES and Judge SMITH concur.