ROBERT C. RAY AND KIMBERLY C. RAY, Plaintiffs v. GARY WAYNE GREER, M.D., AND CATAWBA VALLEY EMERGENCY PHYSICIANS, P.A., Defendants

No. COA10-767

(Filed 7 June 2011)

**1. Appeal and Error— preservation of issues—contempt— mootness**

Plaintiffs' argument that the trial court erred by allegedly failing to comply with statutory provisions before it held plaintiffs' trial counsel in willful contempt of a previous court order was dismissed as moot because the attorney suffered no injury or prejudice as a result of the contempt order.

**2. Contempt— attorney's willful violation of court order— sanctions—dismissal of case**

The trial court did not abuse its discretion by imposing the most severe sanction and dismissing plaintiffs' claims based on

---

the willful contempt of their trial attorney. The trial court was not required to impose lesser sanctions, but only to consider lesser sanctions. The dismissal was imposed primarily due to a direct violation of a court order, N.C.G.S. § 1A-1, Rule 41(b).

Appeal by Plaintiffs from order entered 1 December 2009 by Judge W. Robert Bell in Catawba County Superior Court. Heard in the Court of Appeals 11 January 2011.

*Ferguson, Stein, Chambers, Gresham & Sumter, PA, by John W. Gresham, for Plaintiff-Appellants.*

*Shumaker, Loop & Kendrick, LLP, by Scott M. Stevenson, Karen H. Stiles, and Scott A. Hefner, for Defendant-Appellees.*

BEASLEY, Judge.

Robert and Kimberly Ray (Plaintiffs) appeal from the trial court's order granting a motion by Gary Wayne Greer, M.D. and Catawba Valley Emergency Physicians, P.A. (Defendants) to dismiss Plaintiffs' medical negligence complaint with prejudice based on a finding that Plaintiffs' counsel was in willful contempt of a previous court order. We dismiss in part and affirm in part.

On 5 September 2006, Attorney Karen Zaman filed a complaint on behalf of Plaintiffs, alleging claims for medical negligence and loss of consortium against Defendants. A consent discovery scheduling order dated 23 June 2008 peremptorily set the matter for trial on 26 October 2009. Following entry of a disciplinary order by the North Carolina State Bar on 29 May 2009, which, *inter alia,* required Ms. Zaman to arrange for a member of the Bar to serve as her law practice monitor, she associated with Attorney William Elam in this case. When the case came on for trial before Judge Calvin E. Murphy on 26 October 2009, Attorneys Zaman and Elam informed the court that a divergence of views regarding trial strategy had arisen between them. The trial court gave Plaintiffs time to consult with both attorneys to determine how to proceed and instructed Plaintiffs to return the next morning to report their decision. On 27 October 2009, Mr. Ray advised the trial court that Plaintiffs elected to proceed with Ms. Zaman as their attorney and indicated that he thought she would need co-counsel to litigate the case. Mr. Elam then made an oral motion to withdraw as counsel for Plaintiffs, which was granted by the trial court. When asked if she was ready to proceed with trial, Ms. Zaman replied

that she was not prepared to go forward with the case alone but had already made attempts to associate co-counsel. Accordingly, she asked the trial court to continue the case. Based on representations by Ms. Zaman that additional counsel would be needed and on the substance of the 29 May 2009 Bar disciplinary order, Judge Murphy agreed that co-counsel was warranted and ordered Ms. Zaman to have counsel identified and present in court with her on 9 November 2009. Trial was continued to 12 July 2010.

At the 9 November hearing regarding the status of Ms. Zaman's co-counsel, Ms. Zaman appeared before Judge Bell without co-counsel, and the trial court gave her the opportunity to explain why she had failed to secure the same. She explained, consistent with a "Motion to Extend Time for Plaintiffs' Counsel to Identify Co-Counsel" filed only after the status conference, that she had diligently sought co-counsel and had spent significant time on two other medical malpractice cases. Based on Ms. Zaman's acknowledgment that she had been working on other matters, defense counsel moved to dismiss the case for the failure of Plaintiffs' attorney to comply with Judge Murphy's order. The trial court found Ms. Zaman in contempt of Judge Murphy's order and, "after consideration of less drastic alternatives to dismissal," granted Defendants' motion and dismissed Plaintiffs' complaint with prejudice. Plaintiffs appeal.

[1] Plaintiffs first argue that the trial court, in holding Ms. Zaman in willful contempt of a previous court order, failed to comply with the provisions of N.C. Gen. Stat. § 5A-23 that require notice or show cause order of contempt proceedings and specific findings of fact by the trial court.

Initially, we note that although both parties understand the trial court's finding of contempt to be civil in nature, the order does not indicate whether Ms. Zaman was held to be in civil or criminal contempt. *See Watkins v. Watkins*, 136 N.C. App. 844, 846, 526 S.E.2d 485, 486 (2000) ("We urge our trial courts to identify whether contempt proceedings are in the nature of criminal contempt as set forth in Article I, Chapter 5A of the North Carolina General Statutes or are in the nature of civil contempt as set forth in Article II, Chapter 5A of the North Carolina General Statutes.").

Willful violation of a court order may be punished as criminal or civil contempt of court. *See* N.C. Gen. Stat. § 5A-11(a)(3) (2009) (naming "[w]illful disobedience of, resistance to, or interference with a court's . . . order" as conduct constituting criminal contempt); N.C. Gen. Stat.

§ 5A-21(a) (2009) ("Failure to comply with an order of a court is a continuing civil contempt as long as: (1) The order remains in force; (2) The purpose of the order may still be served by compliance with the order; (2a) The noncompliance by the person to whom the order is directed is willful; and (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order."); *see also Willis v. Duke Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976) ("It has long been recognized that one act may be punishable both 'as for contempt,' i.e., as civil contempt, and 'for contempt[]' . . . ."); *Smith v. Smith*, 248 N.C. 298, 300-01, 103 S.E.2d 400, 402 (1958) (distinguishing criminal contempt as "a term applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice" from civil contempt, "a term applied where the proceeding is had to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties" (internal quotations and citations omitted)).

Summary proceedings for criminal contempt are authorized "in response to direct criminal contempt when necessary to restore order or maintain the dignity and authority of the court and when the measures are imposed substantially contemporaneously with the contempt." N.C. Gen. Stat. § 5A-14(a) (2009). However,

[p]roceedings for civil contempt are by motion pursuant to G.S. 5A-23(a1), by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt, or by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt.

N.C. Gen. Stat. § 5A-23(a) (2009). Such order or notice required for civil contempt proceedings "must be given at least five days in advance of the hearing unless good cause is shown." *Id.* This statute also provides that "[i]f civil contempt is found, the judicial official must enter an order finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself or herself of the contempt." N.C. Gen. Stat. § 5A-23(e).

Although the trial court did not so indicate, it appears that the order purports to find Ms. Zaman in criminal contempt, as it seems to be aimed at punishing her for the already completed act of appearing

on 9 November 2009 without co-counsel given that no action by which Ms. Zaman could purge herself of the contempt was specified. Further, the order does not appear aimed at coercing her to comply with that portion of the court order merely requiring her to secure presence of co-counsel in this case. However, where no fine was levied nor imprisonment ordered, the trial court apparently elected not to punish Ms. Zaman individually for her contempt of court. "Since [Ms. Zaman] suffered no injury or prejudice as a result of the contempt order, [Plaintiffs'] exceptions thereto and [allegations] of error are moot and will not be considered by us." *Smithwick v. Frame*, 62 N.C. App. 387, 391, 303 S.E.2d 217, 220 (1983). Accordingly, Plaintiffs' argument for reversal of the trial court's finding Ms. Zaman in willful contempt is dismissed.

**[2]** Plaintiffs argue that the trial court's dismissal of their claims was erroneously based on the willful contempt of their attorney and, as such, cannot stand. We disagree.

North Carolina Civil Procedure Rule 41(b) provides for involuntary dismissal of a complaint "[f]or failure of the plaintiff . . . to comply with . . . any order of court," and authorizes "a defendant [to] move for dismissal of an action or of any claim therein against him." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2009). The standard of review for an involuntary dismissal under Rule 41(b) is "(1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment." *Dean v. Hill*, 171 N.C. App. 479, 483, 615 S.E.2d 699, 701 (2005).

Plaintiffs argue that the dismissal order was based on an erroneous legal conclusion, and contend that "if the underlying basis for the dismissal is erroneous, then the dismissal is also erroneous." In this case, the trial court's order contained specific findings, based on competent evidence, that Plaintiffs' counsel failed to comply with the court's directive that she appear at the 9 November 2009 status conference with co-counsel, which supports the conclusion that Ms. Zaman violated a court order and that sanctions were warranted. Plaintiffs argue that the record shows Ms. Zaman's efforts to secure co-counsel were diligent and substantial, that she had no ability to compel another attorney to accept the case, and that there was no reason for the order to insist on such a short amount of time in which she must procure co-counsel. However, the trial court had been quite permissive, extending the time by which Ms. Zaman was required to secure co-counsel.

Dismissal as a sanction is an option available to the trial court for a variety of reasons. The law giving rise to the procedures the trial court must follow is often a blend of the rules applicable to the various grounds for dismissal as a sanction. Rule 41(b) provides that a trial court may dismiss an action for failure to prosecute, failure to comply with an order of the court, or failure to comply with any of the rules of civil procedure. N.C. Gen. Stat. § 1A-1, Rule 41(b). Although the statutes giving rise to the particular dismissal vary, the procedure for the trial court and, thereafter, the Court of Appeals on review appears to be the same. The trial court must consider lesser sanctions before imposing the "most severe sanction" available; after considering lesser sanctions, the trial court may determine the appropriate sanction in its discretion. *See Foy v. Hunter,* 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992) ("Before dismissing an action with prejudice, the trial court must make findings and conclusions which indicate that it has considered these less drastic sanctions. If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion."); *see also Rivenbark v. Southmark Corp.,* 93 N.C. App. 414, 420, 378 S.E.2d 196, 200 (1989) (noting "that a party's motion for dismissal because the opposing party has violated a rule or court order is directed to the trial court's discretion").

"[T]he trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." *Badillo v. Cunningham,* 177 N.C. App. 732, 735, 629 S.E.2d 909, 911, *aff'd,* 361 N.C. 112, 637 S.E.2d 538 (2006). In *Badillo,* "[w]e reject[ed] plaintiff's argument that the trial court's conclusory statements that it considered lesser sanctions, without listing which specific sanctions it considered, are insufficient to support the ruling that lesser sanctions are inappropriate" and concluded the following language appearing in the trial court's order was sufficient to affirm dismissal.

[T]he Court having reconsidered this matter and the arguments of counsel, as well as the applicable case law, and having considered certain lesser discovery sanctions as urged by plaintiff, the Court being of the opinion that dismissal of the case was and remains the only appropriate sanction in view of the totality of the circumstances of the case, which circumstances amply demonstrate the severity of the disobedience of counsel for plaintiff in failing to make discovery and thereby impeding the necessary and efficient administration of justice, the Court being of the opinion that lesser sanctions in this case would be inappropriate[.]

*Id.* at 734-35, 629 S.E.2d at 911. In so holding, we noted that

> [i]n *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 618 S.E.2d 819 (2005), this Court addressed the plaintiff's assertion that the trial court erred in dismissing his claims without considering lesser sanctions. The order dismissing the claims stated that: "the Court has carefully considered each of [plaintiff's] acts [of misconduct], as well as their cumulative effect, and has also considered the available sanctions for such misconduct. After thorough consideration, the Court has determined that sanctions less severe than dismissal would not be adequate given the seriousness of the misconduct...." *In re Pedestrian Walkway Failure*, 173 N.C. App. at 251, 618 S.E.2d at 828-29. The Court held that this language sufficiently demonstrated that the trial judge in fact considered lesser sanctions. *Id.*
>
> We see no material difference between that language and the order of the trial court in the instant case. Judge Albright states that, given the severity of disobedience by plaintiff's counsel, lesser sanctions would be inappropriate. The record supports the seriousness of plaintiff's misconduct: Plaintiff did not answer or object to any of Nationwide's interrogatories or requests for production of documents. Neither did plaintiff seek a protective order or proffer any justification for this inaction. This Court has previously upheld a trial court's dismissal of an action based upon similar circumstances of a disregard of discovery due dates. *See Cheek [v. Poole]*, 121 N.C. App. [370,] 374, 465 S.E.2d [561,] 564 [(1996)] (plaintiff did not object to discovery requests and failed to respond within extended time to comply); *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 276, 362 S.E.2d 868, 869-70 (1987) (plaintiffs did not answer, object, or respond in any way to defendants' requests for discovery). Moreover, Judge Albright expressly states that lesser sanctions were urged by the plaintiff. As such, we can infer from the record that the trial court did in fact consider lesser sanctions. On this record, plaintiff simply fails to establish an abuse of the trial court's discretion in dismissing the action. We affirm.

*Id.* at 735, 629 S.E.2d at 911.

"The trial court is not required to impose lesser sanctions, but only to *consider* lesser sanctions." *In re Pedestrian Walkway Failure*, 173 N.C. App. at 251, 618 S.E.2d at 828 (internal quotation marks and citations omitted). We are mindful that "this Court will

**RAY v. GREER**

[212 N.C. App. 358 (2011)]

affirm an order for sanctions where 'it may be inferred from the record that the trial court considered all available sanctions' and 'the sanctions imposed were appropriate in light of [the party's] actions in th[e] case.' " *Id.* (quoting *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995)); *see also Badillo*, 177 N.C. App. at 734, 629 S.E.2d at 911 ("[W]here the record on appeal permits the inference that the trial court considered less severe sanctions, this Court may not overturn the decision of the trial court *unless it appears so arbitrary that it could not be the result of a reasoned decision."* (emphasis added).

Our courts have also recognized the severity of dismissing an action as a sanction.

Dismissal is the most severe sanction available to the court in a civil case. *See Daniels [v. Montgomery Mut. Ins. Co.]*, 81 N.C. App. [600,] 604, 344 S.E.2d [847,] 849 [(1986)]. An underlying purpose of the judicial system is to decide cases on their merits, not dismiss parties' causes of action for mere procedural violations. *See Jones v. Stone*, 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *disc. rev. denied*, 304 N.C. 195, 285 S.E.2d 99 (1981) (holding that the trial court correctly refused to grant a motion to dismiss for failure to prosecute); *Green v. Eure, Secretary of State*, 18 N.C. App. 671, 672, 197 S.E.2d 599, 600 (1973) (holding that the trial court erred in dismissing plaintiff's action for failure to prosecute). In accord with this purpose, claims should be involuntarily dismissed only when lesser sanctions are not appropriate to remedy the procedural violation. *See Daniels*, 81 N.C. App. at 604, 344 S.E.2d at 849; *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984).

*Wilder v. Wilder*, 146 N.C. App. 574, 576, 553 S.E.2d 425, 427 (2001) (emphasis added).

Because the drastic sanction of dismissal is not always the best sanction available to the trial court and is certainly not the only sanction available, dismissal is to be applied only when the trial court determines that less drastic sanctions will not suffice. Less drastic sanctions include: (1) striking the offending portion of the pleading; (2) imposition of fines, costs (including attorney fees) or damages against the represented party or his counsel; (3) court ordered attorney disciplinary measures, including admonition, reprimand, censure, or suspension; (4) informing the North Carolina State Bar of the conduct of the attorney; and (5) dismissal without prejudice.

*Foy*, 106 N.C. App. at 619-20, 418 S.E.2d at 303 (1992) (internal quotation marks and citations omitted). "[S]anctions may not be imposed mechanically[;] [r]ather, the circumstances of each case must be carefully weighed so that the sanction properly takes into account the severity of the party's disobedience." *Rivenbark*, 93 N.C. App. at 420-21, 378 S.E.2d 196, 378 S.E.2d at 200-01.

In the case *sub judice*, the trial court found that:

> (3) Judge Murphy entered an Order . . . continuing the trial . . . and putting in place certain deadlines and conditions that were to be met between the time the Order and the time of trial.
>
> (4) Included in the Order . . . was a provision reading . . . "Counsel for the parties will appear . . . on November 9, 2009 for a hearing regarding the status of co-counsel, at which time Ms. Zaman shall have identified co-counsel to try this case with her. Such co-counsel shall be present at the hearing to indicate his or her willingness to proceed with this case as co-counsel to Ms. Zaman."
>
> . . . .
>
> (6) At the appointed date and time of the status hearing, as ordered by Judge Murphy, and placed on the civil motions calendar by the Clerk of Court, Ms. Zaman did not have co-counsel present with her in Court and indicated to the Court that she had not yet secured co-counsel for this case.
>
> . . . .
>
> (8) Counsel for the Defendants made an oral motion to dismiss the case, with prejudice, for violation of the previous Order entered by Judge Murphy.
>
> (9) The Court considered less drastic alternatives to dismissal of the case for Ms. Zaman's failure to abide by Judge Murphy's Order.

The trial court then concluded that Ms. Zaman failed to comply with a previous order of the court "by not having identified co-counsel to try this case with her and by not having said co-counsel present in Court on November 9, 2009 to indicate his or her willingness to proceed as co-counsel to Ms. Zaman." In ordering the case dismissed with prejudice, the trial court specified that such was "[b]ased on the foregoing findings of fact and conclusions of law, and after considerations of less drastic alternatives to dismissal."

[A] trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order. *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984) (Rule 8(a)(2)); *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 420, 378 S.E.2d 196, 200 (1989) (court order). The sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. *See Smith* [*v. Quinn*], 324 N.C. [316,] 318-19, 378 S.E.2d [28,] 30-31 [(1989)]; *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674-75, 360 S.E.2d 772, 776 (1987) (trial court properly sanctioned plaintiff for plaintiff's attorney's violation of court order); *cf. Turner v. Duke Univ.*, 101 N.C. App. 276, 280-81, 399 S.E.2d 402, 405, *disc. rev. denied*, 329 N.C. 505, 407 S.E.2d 552 (1991) (attorney committed acts giving rise to sanction).

*Foy*, 106 N.C. App. at 618, 418 S.E.2d at 302. In Foy, both parties and *their attorney* displayed a repeated pattern of behavior which suggested that lesser sanctions would be ineffective.

In the case before us, on 29 May 2009, Ms. Zaman was required by a Consent Order issued by the Disciplinary Hearing Commission of the North Carolina State Bar to have supervision on all matters related to her practice of law. On 26 October 2009, when the case was called for trial, Ms. Zaman's co-counsel made an oral motion to withdraw as counsel for Plaintiffs which was allowed because he and Ms. Zaman had divergent views on trial strategy. Plaintiffs were aware that Ms. Zaman and her co-counsel had differing views on trial strategy. Judge Murphy allowed Plaintiffs until the next day to decide which counsel they would continue to retain. Because Ms. Zaman was unable to try the case without co-counsel, Ms. Zaman made an oral motion to continue the case which the trial court granted. In its order granting Ms. Zaman's motion to continue, the trial court set a date of 9 November 2009 "for a hearing regarding the status of co-counsel, at which time [Ms. Zaman] shall have identified co-counsel to try this case with her." Plaintiffs were well aware that Ms. Zaman was required to secure co-counsel and were aware that her failure to do so was a violation of the court's order. With this knowledge, Plaintiffs proceeded with Ms. Zaman's representation. At the 9 November 2009 hearing, Ms. Zaman did not have co-counsel accompanying her and indicated that she had not yet secured co-counsel. Thereafter, Defendants made an oral motion to dismiss the case for Ms. Zaman's violation of the trial court's 30 October 2009 order. In an order filed 1 December 2009, the trial court dismissed Plaintiffs' complaint with prejudice.

The trial court made a finding of fact in the December 2009 order that the trial court had considered less drastic alternatives to dismissal. The order went on to further state that, "[b]ased upon the foregoing findings of fact and conclusion of law, and after consideration of less drastic alternatives to dismissal, the [c]ourt hereby orders that this cased be dismissed." Here, the ultimate sanction of dismissal was imposed primarily due to a direct violation of a court order, which is permitted under N.C. Gen. Stat. § 1A-1, Rule 41(b). *In re Pedestrian*, 173 N.C. App. at 247, 618 S.E.2d at 826.

We thus conclude that the imposition of the most severe sanction in this case did not constitute an abuse of the trial court's discretion.

Accordingly, we affirm the dismissal of Plaintiffs' complaint. We also dismiss Plaintiffs' arguments regarding the statutory notice and findings of fact provisions related to Ms. Zaman's contempt order.

Dismissed in part; Affirmed in part.

Judges McGEE and BRYANT concur.