Islet Scis., Inc. v. Brighthaven Ventures, LLC, 2017 NCBC 76.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 15 CVS 16388 |

ISLET SCIENCES, INC.

          Plaintiff,

v.

BRIGHTHAVEN VENTURES, LLC,
JAMES GREEN, WILLIAM
WILKISON,

          Defendants.

and

BRIGHTHAVEN VENTURES LLC,

          Third-Party Plaintiff,

v.

JOHN F. STEEL, IV, EDWARD T.
GIBSTEIN, and COVA CAPITAL
PARTNERS, LLC,

          Third-Party Defendants.

**OPINION AND ORDER ON MOTION TO RECONSIDER, MOTION TO DISMISS, AND MOTION TO AMEND CMO**

THIS MATTER comes before the Court on Plaintiff Islet Sciences, Inc.'s ("Islet") Motion for Reconsideration pursuant to Rule 60 ("Motion for Reconsideration"), and Defendants Brighthaven Ventures, LLC ("BHV"), James Green ("Green"), and William Wilkison's ("Wilkison") (collectively, "Defendants") Motion to Dismiss Under Rule 41(b) ("Motion to Dismiss") (collectively, "Motions"). Also before the Court is Islet's Motion to Amend Case Management Order.

THE COURT, having considered the Motions, the parties' briefs in support of and in opposition to the Motions, the arguments of counsel at the hearing on the

Motion to Dismiss[1], and other appropriate matters of record, concludes that Islet's Motion for Reconsideration should be DENIED and Defendants' Motion to Dismiss should be GRANTED for the reasons set forth below. Accordingly, Islet's Motion to Amend Case Management Order is DENIED as MOOT.

> *Fitzgerald Litigation by Andrew L. Fitzgerald, Esq., and Sigmon Law, PLLC by Mark R. Sigmon, Esq. for Plaintiff Islet Sciences, Inc.*
>
> *Parry Tyndall White by K. Allan Parry, Esq., for Defendants James Green and William Wilkison.*
>
> *Jerry Meek, PLLC by Gerald F. Meek, Esq. for Defendant Brighthaven Ventures, LLC.*

## A. Factual and Procedural History

1. The Motions relate to this Court's Order and Opinion on Green and Wilkison's Motions issued on January 12, 2017 ("Green and Wilkison Order"). *See Islet Scis., Inc. v. Brighthaven Ventures, LLC,* 2017 NCBC LEXIS 3 (N.C. Super. Ct. Jan. 12, 2017). The Court has recited the factual and procedural background of this matter in various orders including the Green and Wilkison Order. Here, the Court recites only those limited background and procedural facts necessary to the resolution of the Motions.

2. On May 20, 2016, Green and Wilkison filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) (ECF No. 64). In the motion, Green and Wilkison, *inter alia,* sought judgment on their counterclaims for declaratory judgment seeking a declaration that Islet had contractual and statutory obligations

---

[1] Pursuant to BCR 7.4 the Court decides the Motion for Reconsideration and Motion to Amend Case Management Order without hearing.

to advance defense costs Green and Wilkison had incurred in defending this lawsuit and two other lawsuits[2] (the "Advancement").

3. Islet made no argument in opposition to Green and Wilkison's motion for judgment on their claims for declaratory judgment. Instead, Islet contended only that it lacked financial means to pay the Advancement.

4. In the Green and Wilkison Order, the Court, *inter alia*, granted judgment in favor of Green and Wilkison on their counterclaims for declaratory judgment. The Court held that Islet was obligated to pay Green and Wilkison the Advancement under the unambiguous terms of their respective Employment Agreements and as required by Nevada statutory law. *Islet Sciences*, 2017 NCBC LEXIS 3 at *16–22. The Court also held that the "claimed inability to pay does not excuse Islet's obligation to make the [A]dvancement." *Islet Sciences*, 2017 NCBC LEXIS 3 at *21.

5. On January 13, 2017, the Court issued an Order permitting Michael Simes, Irving Brenner, Michael Easley, and the law firm of McGuireWoods LLP to withdraw as Islet's counsel (ECF. No. 94).

---

[2] The two other lawsuits are (1) *Richard Schoninger, Jacqueline Schoninger, Scott Schoninger, Gerald Allen and COVA Capital Partners, LLC v. James Green and William Wilkison*, 15 CV 2233, United States District Court for the Southern District of New York ("Schoninger Action"), and (2) *COVA Capital Partners, LLC v. James Green, William Wilkison, James Snapper, Antonio O'Ferral, Larry Hutchison, and Islet Scis., Inc.*, 15 CV 06834, in the United States District Court for the Southern District of New York ("COVA Action").

6. On January 20, 2017, Green and Wilkison provided Islet with documentation supporting a claim for Advancement of $367,175.78 for defense costs incurred in the three lawsuits. To date, Islet has not paid the Advancement.

7. On February 7, 2017, Defendants filed the Motion to Dismiss (ECF. No. 95). Defendants seek dismissal of Islet's remaining claims based on (a) Islet's failure to diligently prosecute this lawsuit and participate in discovery, and (b) Islet's violation of the Green and Wilkison Order in failing to pay the Advancement.

8. On February 13, 2017, Mark R. Sigmon and the Sigmon Law Firm, PLLC, and on February 14, 2017, Andrew L. Fitzgerald, appeared as new counsel on behalf of Islet (ECF. Nos. 98 and 99).

9. On February 27, 2017, Islet filed its response to the Motion to Dismiss. In its response Islet stated that it "is fully aware of and appreciates the Court's ruling regarding advancement of fees, but it does not have the money to pay the amounts demanded by Mr. Green and Mr. Wilkison." (Pl.'s Resp. Mot. Dismiss, ECF No. 100 at 2.) Islet also argued that because the Court did not order Islet to pay "a sum certain of attorneys (*sic*) fees," Islet is not in violation of the Green and Wilkison Order. (ECF No. 100 at 2.)

10. On March 9, 2017, Defendants filed a reply in support of the Motion to Dismiss (ECF. No. 102).

11. On March 20, 2017, Islet filed a Motion to Amend Case Management Order to extend all remaining deadlines in the Case Management Order (ECF. No. 103). Islet seeks an additional seven months to conduct discovery from the date of the

order granting the motion. Defendants do not consent to the motion, but did not respond, and the time for response has expired.

12. On March 30, 2017, the Court held a hearing on the Motion to Dismiss. Islet's CEO, Gary Blackburn ("Blackburn"), appeared at the hearing and provided testimony. Blackburn testified that Islet had secured investment financing that would permit Islet to make the Advancement. Blackburn further testified that he believed that Islet would have access to the funds within thirty (30) days. Blackburn testified that while the ultimate decision regarding use of the funds to pay the Advancement would be made by Islet's Board of Directors, Blackburn believed that Islet would pay the Advancement once it secured the financing. At the hearing, Islet did not argue that Green and Wilkison were not entitled to the Advancement.

13. Given Blackburn's testimony regarding Islet's pending access to funds, on March 31, 2017, the Court issued an order taking the Motion to Dismiss under advisement and staying the action until 5:00 p.m. on May 5, 2017 (the "March 31 Order", ECF No. 110). The March 31 Order further provided that "[o]n or before the expiration of the stay, [Islet] shall report to the Court whether [it] has made the Advancement to Green and Wilkison." (ECF No. 100 at 3.) The Court made clear that "[i]f the Advancement has not been made by the expiration of the stay, the Court will consider other remedies for the Defendants including dismissal of [Islet]'s remaining claims." (ECF No. 100 at 3.)

14. On May 5, 2017, Islet reported that "it appears the funds have not become available as hoped" and that Islet had not made the Advancement. Islet has

not provided any further information to the Court regarding whether it intends to pay the Advancement.

15. Also on May 5, 2017, Islet filed the Motion for Reconsideration, asking the Court to reconsider the Green and Wilkison Order to the extent that it required Islet to advance defense costs related to the Schoninger Action (ECF No. 115). Islet contends that its prior counsel failed to present argument to the Court regarding "whether the claims against Green and Wilkison in the [Schoninger] litigation were actually related to their status as officers and directors of Islet[.]" (Pl.'s Br. Supp. Mot. Recons., ECF No. 116 at 2.) Islet did not ask the Court to reconsider the Advancement for Green's and Wilkison's defense costs in this lawsuit or the COVA Action.

16. On May 24, 2017, Defendants filed their Brief in Opposition to Islet's Motion for Reconsideration (ECF No. 119). Islet did not file a reply brief, and, accordingly, the Motion for Reconsideration is ripe for disposition.

## B. Analysis

### i. *Motion for Reconsideration*

17. Islet brings its Motion for Reconsideration pursuant to Rule 60. Islet seeks reconsideration on the grounds that its "then-counsel failed to address the defense cost advancement issue in its briefing, including whether the claims against Green and Wilkison in the New York litigation were actually related to their status as officers and directors of Islet, for reasons that Islet cannot presently comprehend." (ECF No. 116, at 2.) Islet requests that "the Court to reconsider its prior ruling and

order that only the fees associated with the case at bar and the COVA case, and not the Schoninger Case, be advanced to Green and Wilkison." (ECF No. 116 at 4.)

18.     Rule 60 provides, in relevant part, that the Court "may relieve a party or his legal representative from a final judgment order, or proceeding for . . . (1) Mistake inadvertence, surprise, or excusable neglect; . . . (6) Any other reason justifying relief from the operation of the judgment."

19.     Defendants argue that the Supreme Court of North Carolina expressly rejected the negligence of prior counsel as a basis for Rule 60 reconsideration in *Briley v. Farabow*, 348 N.C. 537, 501 S.E.2d 649 (1998). In *Briley*, the Court held, in relevant part, as follows:

> Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the "excusable neglect" provision of Rule 60(b)(1). In enacting Rule 60(b)(1), the General Assembly did not intend to sanction an attorney's negligence by making it beneficial for the client and to thus provide an avenue for potential abuse. Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines.

348 N.C. at 546, 501 S.E.2d at 655. The Court finds *Briley* controlling. Prior counsel's negligent failure to make potentially relevant legal arguments on Islet's behalf is not grounds for the Court to reconsider Islet's obligation to advance defense costs.

20.     For these reasons, the Court declines to reconsider the Green and Wilkison Order, and concludes that the Motion for Reconsideration should be DENIED.

*ii.  Motion to Dismiss*

21.  Plaintiffs seek dismissal of Islet's claims under Rule 41(b) based on Islet's failure to prosecute its claims and comply with applicable rules of court, and on Islet's failure to comply with the Green and Wilkison Order. Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules *or any order of court*, a defendant may move for dismissal of an action or of any claim therein against him." (emphasis added). Since the Court concludes that Islet's claims should be dismissed for failure to comply with the Green and Wilkison Order, it will address only those grounds.

22.  Dismissal is an appropriate sanction for a party's failure to obey an order of the court. *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 681, 360 S.E.2d 772, 780 (1987); *Ray v. Greer*, 212 N.C. App. 358, 368, 713 S.E.2d 93, 99–100 (2011). "Dismissal under Rule 41(b) is within the discretion of the trial court." *Eakes v. Eakes*, 194 N.C. App. 303, 309, 669 S.E.2d 891, 895 (2008). Nevertheless, imposing dismissal as a sanction is only appropriate after the Court has considered whether less drastic sanctions would suffice.  *Ray*, 212 N.C. App. at 365, 713 S.E.2d at 98. "Less drastic sanctions include: (1) striking the offending portion of the pleading; (2) imposition of fines, costs (including attorney fees) or damages against the represented party or his counsel; (3) court ordered attorney disciplinary measures, including admonition, reprimand, censure, or suspension; (4) informing the North Carolina State Bar of the conduct of the attorney; and (5) dismissal without prejudice." *Id.*

23. Islet has not complied with the Green and Wilkison Order requiring Islet to make the Advancement. Green and Wilkison provided Islet with a demand for payment of a specific amount of defense costs on January 12, 2017, and Islet has not objected to the amount sought. Islet's claimed inability to pay does not excuse its failure to provide the Advancement. *Orion Ethanol, Inc. v. Evans*, No. 08-1180-JTM, 2009 U.S. Dist. LEXIS 65555 at *10 (D. Kan. July 29, 2009) (applying Nevada law and finding the obligation to advance defense costs to a corporate officer was not excused because corporation claimed it lacked funds to pay).

24. Green and Wilkison contend that Islet's failure to advance their defense costs has imposed a substantial hardship on both of them. As one court has summarized the right to advancement:

> Advancement is a distinct right complementary to the right to indemnification . . . . The right to indemnity, however, is often impossible to determine until the legal proceedings are finished. Absent advances, the officer himself must front the cost of defending the legal proceeding, significantly diminishing the attractiveness of indemnity. Advancement addresses this problem by providing timely relief in the midst of litigation. If a corporation withholds advances, the right will be irretrievably lost at the conclusion of the litigation, because at that point the officer will only be entitled to indemnity.

*Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1225 (10th Cir. 2009) (citations omitted). Islet's continued failure to comply with the Court's orders has prejudiced Green and Wilkison.

25. Islet contends that "the Court has not ordered any specific amount of attorney (*sic*) fees payable" and "Islet is not in violation of an Order to pay a sum

certain." (ECF. No. 100 at 2.) Islet apparently misunderstands the basis for its obligation to pay the Advancement. The Green and Wilkison Order concluded that the Advancement is required by the unambiguous terms of the Employment Agreements between Islet and Green and Wilkison, and by Nevada law. *Islet Sciences,* 2017 NCBC LEXIS 3 at \*21–22. It is undisputed that Green and Wilkison have provided Islet with a demand for the Advancement and have made the required statutory undertaking to exercise their advancement rights. No additional order or award of fees is required from this Court to trigger Islet's obligation to provide the Advancement.

26. The Court has considered imposition of sanctions short of dismissal of Islet's claims, but concludes that such sanctions will not be effective. *See Ray*, 212 N.C. App. at 365, 713 S.E.2d at 98. There is no "offending pleading" involved in this matter, and striking Islet's complaint would amount to a dismissal. The imposition of additional costs and fees as sanctions against Islet would be ineffective because Islet already has demonstrated an inability or unwillingness to pay its existing obligations. The Court also does not believe that attorney disciplinary measures are warranted under these circumstances.

27. Another lesser sanction is dismissal without prejudice. Ordinarily, a dismissal under Rule 41(b) operates as an adjudication upon the merits; however, a trial judge is afforded wide discretion to dismiss a case with or without prejudice. Rule 41(b); *see also Trent v. River Place, LLC*, 179 N.C. App. 72, 76–77, 632 S.E.2d 529, 533 (2006) (citing *Whedon v. Whedon*, 313 N.C. 200, 210, 328 S.E.2d 437, 443

(1985)). Under the circumstances present here, however, the Court concludes that dismissal without prejudice would not be an appropriate sanction. Allowing Islet to potentially refile its claims would be a disservice to Green and Wilkison, who already have had to defend this action for many months and at great expense without benefit of the advancement of defense costs to which they are entitled. Islet's claims therefore should be dismissed with prejudice.

28.    The Court concludes that Islet's claims should be dismissed with prejudice pursuant to Rule 41(b), and the Motion to Dismiss should be GRANTED.

THEREFORE, IT IS HEREBY ORDERED that:

29.    Islet's Motion for Reconsideration is DENIED.

30.    Defendants' Motion to Dismiss is GRANTED, and Islet's remaining claims against all Defendants are hereby DISMISSED WITH PREJUDICE.

31.    Islet's Motion to Amend Case Management Order is DENIED as MOOT.

SO ORDERED this the 29th day of August, 2017.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
   for Complex Business Cases